## MEINHARD v. YOUNGBLOOD.

1. TECHNICAL OBJECTIONS are legal, and demand the consideration of the court.

2. INJUNCTION ORDER—NOTICE.—The Circuit Judge may grant an injunction at the time the action is commenced, or afterwards, until answer made, without notice to the adverse party; after answer, there must be notice of the motion for injunction.

3. IBID.—IBID.—CURE OF DEFECTS.—If an order of injunction, granted out of court without notice, was erroneous in not limiting its operation to twenty days (Code, § 402, subd. 6), the error was cured by an order granted within that time, on defendant's motion to vacate, continuing the injunction.

4. IBID.—UNDERTAKING.—The judge, on granting an order of preliminary injunction, having required the plaintiffs to enter into an undertaking, his failure to require the execution of such undertaking to precede the issue of such order, was not error.

5. IBID.—IBID.—FILING.—Where the order of injunction directs the undertaking of plaintiffs, required by said order, to be filed by a day named, fourteen days after the date of the order, no rule of law was violated, and no ground thereby furnished for a motion to vacate.

6. INJUNCTION BOND—DEFECTS.—The court will not hold that an injunction bond was not proved, or was not sufficient, where the "Case" does not show any defects in these particulars, and the clerk approved and filed the bond.

7. PAPERS FILED—DISSOLUTION OF INJUNCTION.—The clerk of court should not permit papers, which have been marked filed by him, to be taken out of his office, but where the judge had not ordered them to be filed, and they were returned to the clerk's office within a few days and before being first asked for, no ground is thereby furnished for dissolving an injunction.

8. VERIFICATION—AFFIDAVITS ON INJUNCTION.—It would seem that where all the allegations of a complaint are made of knowledge, except that one paragraph is said to be on information and belief, a verification in the general words of the Code would be sufficient; and an injunction may be issued on an unverified complaint, where proper supporting facts are shown by affidavit.

9. ATTACHMENT—VACATING FOR FRAUD.—Innocent creditors may maintain an action to vacate an attachment alleged to have been procured by fraudulent collusion between debtor and attaching creditors. Such an action is not that technical proceeding, by motion on the part of third parties to set aside an attachment, which the law disallows.

10. IBID.—IBID.—FINDINGS OF FACT.—Where the Circuit Judge granted a preliminary injunction to restrain attachment proceedings, upon his findings

of facts, sufficient *prima facie* to sustain the charges that the attachments were procured by fraudulent collusion and with the purpose of effecting an assignment with preferences, this court on appeal declined to vacate his order.

11. ATTACHMENT—PARTIES—SHERIFF.—In such an action, the joinder of the sheriff, who levied the attachments, as a party defendant, was not improper.

Before WALLACE, J., Abbeville, January, 1891.

This was an action by Meinhard Bros. & Co. against J. T. Youngblood, Witz, Biedler & Co., Hurst, Purnell & Co., and W. D. Mann, as sheriff, to set aside attachment proceedings. The Circuit Judge granted the following order on the *ex parte* motion of plaintiffs :

Upon hearing the complaint read in the above stated case, together with the affidavits submitted, on motion of Benet & Cason, plaintiffs' attorneys.

It is ordered, that defendants, Witz, Biedler & Co., and Hurst, Purnell & Co., attaching creditors of the defendant, J. T. Youngblood, and all other creditors, be and are hereby enjoined from prosecuting their actions already commenced, or commencing any new actions against the said J. T. Youngblood, except as they may be advised or have rights under this proceeding.

Further ordered, that the defendants' attaching creditors, and the defendant, W. D. Mann, sheriff of said county, their agents and servants, be and are hereby restrained and enjoined from moving or selling, or in any manner interfering with the personal and real property and choses in action, now in custody of said sheriff, levied and seized by the said W. D. Mann as the property of the said J. T. Youngblood, by virtue of the writs of attachments issued in the name of the said Witz, Biedler & Co., and Hurst, Purnell & Co., on the 5th day of January, 1891.

Further ordered, that the plaintiffs, Meinhard Bros. & Co., do enter into an undertaking in the sum of two hundred and fifty dollars, conditioned for the payment of any damages the defendants' attaching creditors may sustain by reason of this injunction, if the same should be dissolved, on the ground that

it should not have been granted.   The said bond to be approved by the clerk of the court, and to be filed with him by the 9th day of February, 1891; and, unless so filed, this injunction shall stand vacated.

Further ordered, that the defendants herein show cause before me, at Anderson Court House, said State, on the 9th day of February, 1891, at five o'clock p. m., why a receiver should not be appointed to take charge of the property, now in the custody of the said sheriff, W. D. Mann, levied on by him under the aforesaid writs of attachments.

Further ordered, that copies of the affidavits already read, and of any others plaintiffs may see fit to produce, and of this order, be served on the defendants with the complaint herein.

A motion was made by defendants to have the injunction dissolved, but the motion was refused, and defendants appealed.

The undertaking was signed by the plaintiffs and one surety. No justification appears in the "Case," but the bond has the following endorsements: "I, Thos. L. Moore, do hereby approve the foregoing bond, executed in accordance with injunction granted by Judge W. H. Wallace in the case of Meinhard Bros. & Co. *v.* J. T. Youngblood & Co., and file the same this day in my office.   Filed in clerk's office this the 6th Feb., 1891. Thos. L. Moore, C. C. C. P."

*Messrs. Graydon & Graydon*, for appellant.

*Messrs. Benet & Cason*, contra.

September 26, 1892.   The opinion of the court was delivered by

MR. JUSTICE POPE.   On the summons, complaint, and certain affidavits, Judge Wallace, on the 26th January, 1891, granted an injunction in this case, whose object was to preserve the *status quo* of certain property and the relation of the parties defendant thereto, until the cause could be heard upon its merits, and this order for an injunction was granted upon the *ex parte* application of plaintiffs, no notice being given thereof to any of the defendants.   On the 5th day of February, 1891, the

defendants gave notice to the plaintiffs that they would move before his honor, Judge Wallace, on the 9th February, 1891, to vacate the injunction order, on grounds specified in the notice. At that hearing, Judge Wallace continued the order of injunction in force.    From these orders the defendants have appealed, on the following grounds:

1. Because his honor erred in not holding, that he had not jurisdiction to grant said order of injunction without four days notice to defendants.

2. Because his honor erred in not holding, that he had not jurisdiction to grant said order of injunction, which is an order to stay proceedings for a longer time than twenty days out of court, except upon previous notice to the adverse party, and in not holding, that said order of injunction was, therefore, absolutely null and void.

3. Because his honor erred in not holding, that he had no right to make said order without first requiring the plaintiffs to give the bond or undertaking required by law.

4. Because it was error in his honor not to hold, that he had no right to grant said order of injunction without requiring plaintiffs to give, before he signed the same, an undertaking as required by law, approved by his honor both as to its form and as to the sufficiency of the security.

5. Because his honor erred in not dissolving the said order of injunction, for failure of plaintiffs to file the undertaking with the clerk of the court for Abbeville County within five days after said order was granted.

6. Because it was error in his honor not to hold, that he had no right to allow the plaintiffs fourteen days in which to file said undertaking.

7. Because his honor erred in not vacating said injunction for failure of the plaintiffs to have the surety upon said undertaking to justify, and to have the said undertaking proved by the subscribing witnesses before the same was filed.

8. Because it was error in his honor not to vacate said injunction order for failure to file the affidavits upon which the same was based, in the office of the clerk of the court for Abbeville County, within five days after said order was granted.

9. Because his honor erred in not holding, that the complaint was not verified, and that there was no proof by affidavits, or even by the unverified complaint, sufficient to justify him in granting said order of injunction.

10. Because his honor erred in not holding, that the clerk of the court had no right to file and approve the said undertaking, without first requiring the sureties to justify, and the subscribing witnesses to prove, the same, and that, therefore, the undertaking required by law and by his order not having been filed, the said injunction order should be vacated.

11. Because said injunction order was without authority of law, and null and void, and his honor erred in not so holding.

Defendant, W. D. Mann, also excepts to the said order, upon the following additional ground: Because he is not a proper party to this action, and the complaint and affidavits state no cause of action against him, and no reason for granting an order of injunction against him, and his honor erred in not so holding.

It will be observed that the grounds of appeal deal in technical objections. In no single case of complaint is there any allegation or proof of injury resulting to the defendants from any of the objections or irregularities alleged, but the appellants have a perfect right to insist that the requirements of the law, no matter how technical they may seem, shall be enforced, and appeals that involve only technical objections shall receive a full and careful and fair consideration by this court, and in response to this duty that is owed the appellants, we have spared no pains or labor in endeavoring to investigate this array of alleged errors by the Circuit Judge.

1. We hold, that in granting an injunction, the Circuit Judge may grant the same at the time the action is commenced, or afterwards, until answer comes in, without notice to the adverse parties; if after answer, it must be upon notice of the motion. Section 241 of the Code provides: "The injunction may be granted at the time of the commencement of the action, or at any time afterwards before judgment, upon its appearing satisfactorily to the court or judge, by the

*affidavit* of the plaintiff or *of any other person*, that sufficient grounds exist therefor.   A copy of the affidavit must be served with the injunction."   (Italics ours.)   Section 242 of the Code provides that the injunction shall not be allowed after answer, unless upon notice or upon a restraining order.

2. The order of injunction granted in this case did not limit the duration of the same, and subdivision 6 of section 402 of the Code does provide, that such order, out of court, shall not stay proceedings for a longer period than twenty days, upon previous notice to the adverse side.   Here the appellants cured the defect, if it existed, by applying to the judge within the twenty days after original order was granted, upon a notice to vacate such order, and thereby themselves furnishing the means of curing such defect by having the Circuit Judge to continue the order of injunction for more than twenty days after an opportunity to resist the same had been accorded the appellants.

3. We do not understand the Circuit Judge to have dispensed with the duty on plaintiffs to enter into an undertaking; by his order he required them to do so as a condition to such injunction order.   Section 243 does not make it the duty of a judge to exact an undertaking as a condition precedent to the grant of an order of injunction.   Herein injunction proceedings differ from those in attachment, for in the latter the statute is imperative that such an undertaking shall be given before the attachment can legally issue.   Not so in cases of injunction.   If a strict practice were to obtain, the order for an injunction precedes the formal writ of injunction, under the hand of the clerk and the seal of the court.   Just as it is with the writ of habeas corpus; the judge orders such writ to issue. But, under the practice that has grown up, we no longer, except in rare cases, require in habeas corpus proceedings the formal writ to issue.   The judge's order for either is usually accepted by the profession as sufficient.

4. It is quite true, that rule LXIX. of the Circuit Court rules requires the plaintiff's attorney to file undertakings forthwith in the office of the clerk of the court for the proper county, and if five days elapse before the same

shall be done, the defendant shall be at liberty to move the court to vacate the proceedings, as if no undertaking had been given; but we must remember that rule LXIII. allows parties twenty days to comply with any condition attached by the Circuit Judge, unless he otherwise directs in his order.    In the case at bar, the Circuit Judge fixed the 9th of February, 1891, as the period beyond which the undertaking should not be filed.    This was only fourteen days.    We must be careful to bear in mind the provisions of sections 239 to 243, inclusive, of the Code, on the subject of injunctions.

5. Rule LXIII., in connection with the rules of law in the matter of injunctions, sustains the action of the Circuit Judge in granting fourteen days within which the undertaking required of plaintiffs should be filed.

6. The "Case" here does not disclose that there was any default in the character of the undertaking as to sufficiency, monetarily speaking, or that the same was not proved in form as to its execution.    The "Case" shows that it was approved by the clerk of court, and filed by him on the 6th February, 1891.

7, 8. The "Case" does not disclose the alleged failure to file the affidavits in the office of the clerk of the court.    His affidavit shows that he marked the papers as *filed* on the 26th January, 1891, the day on which the injunction order was granted, but handed them back to plaintiffs' attorney, Mr. Cason, and that on the 5th February, 1891, he placed them in his office as clerk.    There is no question but that all papers required by law to be filed with the clerk of court should be so marked by him, and continuously thereafter kept in such office.    But these papers were not only filed on the 26th January, 1891, but were on that day in the custody and control of the clerk of court.    It was a failure on his part to do his duty, when he afterwards turned them over to plaintiffs' attorney, and if it had been alleged that any injury flowed to the defendants from this non-observance of duty by the clerk, the Circuit Judge could have remedied the same.    At all events, the defendants had access to the originals and copies on that day (5th February, 1891), and their motion to vacate the in-

junction was not heard until the 9th February, 1891. The judge did not order the affidavits filed, but did require that they be served upon the defendants along with the complaint.

9. Under the decisions of this court in the cases of *Hecht* v. *Freisleben*, 28 S. C., 181, and *Burmester* v. *Moseley*, 33 *Id.*, 251, it would seem that where the allegations of the complaint are so pleaded that it cannot be told which allegations are made upon knowledge and which are made upon information and belief, a verification, in the form of the Code, is insufficient in form. In the complaint at bar, all the allegations are made of knowledge, except those of the 11th paragraph, which last is on information and belief, and, therefore, the above rule would not apply. But, be this as it may, the judge did not grant this order on the complaint; it was done upon affidavits both circumstantial and strong. It may be remarked just here, that it is perfectly legitimate for an injunction to be granted without any attempt to verify the complaint, if affidavits submitted convince the judge that the averments are of such a nature that the strong arm of the law should extend relief to parties remediless without it.

10. We do not regard the action of the plaintiffs as technically to set aside an attachment by third parties. The cases cited by the appellants (*Copeland* v. *Life Insurance Company*, 17 S. C., 116, *and cases there cited*), are instances where, on motion, an effort was made to set aside attachments. Here the theory and practice of these plaintiffs is a bold attack upon the *bona fides* of every party to the attachment, set forth *in a complaint* against such parties, to tear up such attachment, root and branch. Surely it will not be seriously denied that a suitor that charges a bold fraud in parties, in their means to obtain an advantage of others holding claims equally, in the first instance, meritorious and valid as their own, should have a *status* in court, supplied by such court with the usual remedies to make good, if he can, such a serious charge.

11. The Circuit Judge was so impressed by the array of alleged facts and circumstances in plaintiffs' showing, that he held that until such alleged facts and circumstances were set at naught, by proof to the contrary, by the defend-

ants, the injunction should issue.  We do not desire to express any opinion as to the existence in fact of these various allegations, further than by saying that we cannot alter the act of the Circuit Judge in this particular.  Nor can we hold that there was no law upon which to bottom the action of the Circuit Judge.  The complaint may be regarded as seeking relief from two legal grounds: 1. An invasion of plaintiffs' rights by the attachments operating as an assignment under section 2015 of the General Statutes.  2. Because a fraud permeated and rendered nugatory all such proceedings in attachment.  Without saying any more now as to either proposition of law, the Circuit Judge committed no error.

12. We do not see that any harm can come from too *many* parties to a cause, except that if, on the final decree, it should be so held, the plaintiff will have to pay costs.  In this case the sheriff is the stake-holder, as it were; it may be just as well for the court to lay its restraining hand upon him as well as the others connected with the attachments, until all these matters are investigated in court.

It is the judgment of this court, that the orders of Judge Wallace, the Circuit Judge, appealed from, be affirmed.

MR. CHIEF JUSTICE McIVER concurred in the result.
MR. JUSTICE McGOWAN concurred.