7726

ANDREWS v. SUMTER COMMERCIAL AND REAL ESTATE CO.

1. Injunction—Supersedeas.—A Justice of this Court has the power at chambers to stay proceedings or to supersede an order of the Circuit Court pending appeal, but such power should only be exercised to prevent irreparable injury or miscarriage of justice.

2. Ibid.—Real Property.—Where a deed has been executed and delivered but grantee has not taken possession of the property conveyed, upon proper showing, attacking the *bona fides* of the deed, a court of equity may enjoin his taking possession.

3. Ibid.—Supersedeas.—Under the facts here the defendants were not entitled to an order superseding the injunction order of the Circuit Judge upon their giving bond to preserve the status of the property, as the Circuit order was superseded in all respects, except preserving the status of the property so far as the attempted sale and distribution of proceeds were concerned.

4. Ibid.—A Circuit Judge at chambers has power to grant a temporary injunction order on an *ex parte* application.

5. Ibid.—There is no statute requiring plaintiff to give bond in an action for injunction against a corporation equal in amount to its assets.

6. Ibid.—Corporations.—Where the majority of the stockholders of a corporation are about to dispose of the property of the corporation to one of their number at a grossly inadequate price to the injury of the corporation and in fraud of the rights of the minority, equity may interfere.

7. Case for Appeal.—Where amendments are proposed and allowed in a case for appeal or the "case" settled by order of the Court, the "case" should be printed as finally settled, and on failure of

. appellants to so print the "case," the Court, on motion, will require him to print it properly or dismiss it for failure to do so.

Before WILSON, J., Sumter, December, 1909.    Affirmed.

Action by W. T. Andrews against Sumter Commercial and Real Estate Company, its officers and majority stockholders. Defendants appeal from temporary injunction order of Judge Wilson and order of Mr. Justice Woods modifying the order of Judge Wilson.

*Messrs. Lee & Moise,* for appellants, cite: *Circuit Judge at chambers is without power to make an order permanent and perpetual in its nature on ex parte application:* Con., Art. I, Sec. 5; Code of Proc. 240, 244.    *Order dispossesses grantee without hearing:* 9 S. C. 303; 27 S. C. 408; 37 S. C. 227; 12 Rich. Eq. 108; 14 Rich. L. 96.    *The order has adjudged the deed null and void without hearing the grantee:* 54 S. C. 457; 67 S. C. 93; 60 S. C. 146; 64 S. C. 408; 85 S. C. 13.

*Mr. L. D. Jennings,* contra, cites: *Remedy of appellant was to move Judge Wilson to vacate or modify his order:* Code of Proc. 246; 55 S. C. 339; 27 S. C. 625.    *In a suit for injunction it is error to dissolve temporary injunction granted:* 54 S. C. 473; 74 S. C. 178; 75 S. C. 220; 77 S. C. 416.    *Injunction may be granted on ex parte application:* 37 S. C. 227; 69 S. C. 260.    *The circuit order is only temporary:* 60 S. C. 569; 48 S. C. 315; 77 S. C. 416. *Equity will protect minority stockholders:* 2 High. on Inj., Secs. 1203, 1216; 10 Cyc. 964.

December 1, 1910.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    The plaintiff, a minority stockholder of the defendant corporation, Sumter Commercial

and Real Estate Company, brought this action to enjoin the sale of the real estate of the corporation to E. R. Wilson, another of the stockholders.

The allegations of the complaint are that the company owns a lot in the city of Sumter, with buildings thereon, worth over $20,000; that defendant, Thomas Wilson, having previously bought a majority of the stock, had himself and his co-defendants elected directors and officers of the company at the last annual meeting of the stockholders, held December 20, 1909; that the newly elected president offered a resolution that said lot be sold to the defendant, E. R. Wilson, who is a stockholder and a son of said Thomas Wilson, for $18,000; that plaintiff protested, because the price was grossly inadequate, and himself offered to give $20,000 for it, which being refused, he offered a resolution that it be sold at public auction to the highest bidder, but his resolution was rejected, and the one proposed by the president was adopted against his protest. He further alleges that the action of the majority was in furtherance of a scheme of Thomas Wilson to procure for himself, through the agency of his son, the said lot at a grossly inadequate price, to the detriment of the company and in fraud of the rights of the minority of the stockholders.

Upon the verified complaint Judge Wilson granted a preliminary injunction, enjoining the defendants, until the further order of the Court, from conveying said real estate to the defendant, E. R. Wilson, or any other person, and from disposing of any of the money or property of the corporation, and also enjoining E. R. Wilson from taking possession of said real estate, or in any manner interfering with it.

From this order, which was granted at chambers, on December 21, 1909, on the *ex parte* application of the plaintiff, the defendant appealed. After filing the return in this Court, the defendants moved before Mr. Justice Woods, on verified petition and affidavits and notice to plaintiff, for

an order staying or modifying the order of the Circuit Judge. On hearing the motion, Mr. Justice Woods passed an order superseding and modifying Judge Wilson's order in the following particulars: "That the officers of the corporation do proceed in the conduct of its business affairs, in the matter of payment of taxes, fire insurance premiums, interest on bonded indebtedness, and the principal, if the same be due, and in all respects conduct in the usual way the business of said corporation, except that all matters relating to the attempted sale of the realty, and distribution of the funds of the corporation, be left for the further determination of the Court." From this order the defendants also appealed, alleging error in refusing to wholly supersede the order of Judge Wilson.

While a Justice of this Court has the power, to be exercised at his discretion, to stay proceedings or to supersede an order of a Circuit Judge, pending an appeal to this Court, (*State* v. *Rice,* 67 S. C. 236, 45 S. E. 153, and cases cited) it is a power which should be exercised with great caution and circumspection, and only to the extent clearly made to appear to be necessary to prevent irreparable injury or a miscarriage of justice. Otherwise, a single Justice would assume and exercise the jurisdiction which is vested by the Constitution and statutes only in the Supreme Court.

The defendants contend that, when it was made to appear to Mr. Justice Woods, as it was, that the deed was actually executed and delivered and filed for record on the evening of December 20th, the day of the stockholders' meeting, and the day before Judge Wilson's order was granted, it was error to refuse to supersede Judge Wilson's order enjoining its execution and enjoining the defendant E. R. Wilson from taking possession under it.

While it is true that the Court will not ordinarily undertake to enjoin an act that has already been completed, it may enjoin any further proceedings under such an act.

Therefore, as the deed was executed before Judge Wilson's order was signed, his injunction did not affect the act of execution, but if the grantee had not taken possession, the injunction was effective to prevent him from doing so. The defendants' contention also assumes the validity of the deed, which is the vital fact in issue. If the power of the majority was exercised for the personal gain of one of their number to the detriment of the corporation, and in fraud of the rights of the minority, the exercise of the power was void, and the deed executed under it falls with it. The contention that Judge Wilson's order, in effect, ousted the defendant E. R. Wilson from the possession of the property and transferred it to another cannot be sustained, because it was not made to appear that he had taken actual possession of the property before the order was served upon him.

It is next contended that the order of the Circuit Court should have been superseded upon the offer of defendants to give bond with security to preserve the status of the property, and pay all damages to the plaintiff by reason of the order of supersedeas. The defendants had no right to such an order. The order of Judge Wilson was sufficient to preserve the status of the property in so far as the attempted sale of it and the distribution of the funds of the corporation were concerned, and in all other respects it was superseded. As the other grounds of appeal from the order of Mr. Justice Woods involve the same points that are made by the exceptions to the order of Judge Wilson, they will be considered in disposing of those exceptions.

The appeal from Judge Wilson's order is based solely upon the complaint and the order. Therefore that branch of the appeal must be considered as if the allegations of the complaint were admitted to be true. A number of the exceptions are based upon the mistaken assumption that the order is permanent and perpetual. By

its terms, it is made temporary. The words are: "That the defendants be, and they are, hereby restrained and enjoined, until the further order of the Court," etc. The words, "until the further order of the Court," indicate clearly that the order was intended only as a preliminary or temporary injunction. They would be inappropriate in a perpetual injunction. This disposes of those exceptions which make the point that a Circuit Judge has no jurisdiction at chambers and without notice, to grant a perpetual injunction. Indeed, he has no jurisdiction to grant such an injunction at chambers at all, except by consent. *A. C. L. R. R. Co.* v. *Moise*, 85 S. C. 530. But, except in those cases in which the statutes specifically require notice to be given, it cannot be denied that a Circuit Judge has power, at chambers, on an *ex parte* application, to grant a temporary order of injunction. Code, Sections 239, 242, 244 and 246; *Meinhard* v. *Youngblood*, 37 S. C. 227, 15 S. E. 223; *Jordan* v. *Wilson*, 69 S. C. 256, 48 S. E. 224. The defendants could have moved before Judge Wilson to vacate or modify his order. Code, Section 246.

The next exception complains that a bond based in amount upon the value of the assets of the corporation was not required. We know of no statute, and none has been brought to our attention by appellants' attorneys, requiring that such a bond shall be given. The provisions of Section 245 of the Code are applicable to this case, and plaintiff was required to give bond as provided in that section.

Error is assigned in that the order prevents the corporation from paying out its funds for insurance premiums, taxes, and other obligations due and about to become due. There is nothing in the record upon which this branch of the appeal is considered upon which these exceptions can be based. It does not appear that any such obligations were due or about to become due.

Finally, it is contended that the complaint states no ground upon which the jurisdiction of the Court of equity can be invoked.    We think there can be no doubt that when it is alleged that the majority of the stockholders of a corporation are about to exercise their power to dispose of the property of the corporation to one of their number at a grossly inadequate price to the injury of the corporation and in fraud of the rights of the minority of the stockholders, a case is stated which, if proved, calls for the interference of a court of equity.    In *Sage* v. *Culver*, 41 N. E. R. 514, it is said: "When a trustee, or the officer or director of a corporation, deals with himself as an individual, or in the character of a trustee, director or officer of another corporation, with respect to the funds, securities or property of the corporation, the transaction is at least open to question by the corporation, or, in a proper case, by its stockholders; and the trustee is bound to explain the transaction and show that the same was fair, and that no undue advantage has been taken by him of his position for his own advantage, or the advantage of some other corporation in which he has an interest.    When it can fairly be gathered from all the allegations of a complaint, that the officers and directors of a corporation have made use of relations of trust and confidence in order to secure or promote selfish interests—enough is then averred to set a court of equity in motion, and to require an answer from the defendants in regard to facts.    When it appears that the trustee or officer has violated the moral obligation to refrain from placing himself in relations which ordinarily produce a conflict between self-interest and integrity, there is in equity a presumption against the transaction, which he is required to explain."    The foregoing quotation is cited with approval in *Stahn* v. *Catawba Mills*, 53 S. C. 519, 31 S. E. 498.    In High on Injunctions, Vol. 2, Sec. 1203, the author says: "The protection of rights of shareholders in incorporated companies against improper or illegal action

of other shareholders, or of the officers of the company, is a favorite branch of the jurisdiction of equity by injunction. And it may be asserted, as a general rule, that courts of equity may enjoin in behalf of the stockholders of an incorporated company any improper alienation or disposition of the corporate property for other than corporate purposes, and will restrain the commission of acts which are contrary to law and tend to the destruction of the franchise as well as the improper management of the business of the company, or a wrongful diversion of its funds, or from depriving plaintiff of his rights as a corporator. And in such case, equity may grant relief at the suit of a single stockholder." "This right of action arises where the majority of the shareholders, in control of the corporation, are pursuing a course of action which is plainly oppressive to the minority and in fraud of their rights; where the directors and officers are acting, not in faithful discharge of their trust, but are perverting their official powers to their own personal gain and benefit, and in fraud of the rights of the shareholders; where the managers and a majority of the shareholders are diverting the assets of the corporation from their legitimate purposes to their own use and benefit; where the assets of the corporation have been fraudulently diverted into the hands of individual shareholders." 10 Cyc. 967.

We desire to call attention of counsel to the fact that the "case," as prepared for the hearing of the appeal herein from the order of Mr. Justice Woods does not conform to the requirements of rule 5 of this Court, which provides: "In the preparation of the 'case' for argument in this Court, where amendments have been proposed and allowed, the 'case' must be printed; or in a case where printing is dispensed with, must be written, as it would read after the amendments allowed are incorporated; and it will not be sufficient to set out the proposed amendments with a statement as to which of them have

been allowed." The proposed case, the proposed amendments, the allowance and disallowances thereof by appellants' attorneys, together with the reasons therefor, (which certainly have no proper place in the printed "case") and the order settling the case are all set out separately. The Court has not taken the trouble to arrange the case in proper order. On hearing an appeal, the Court will assume that the proposed case is the "agreed" or "settled" case, (except on appeal from an order settling a case) and that all corrections and amendments have been properly made and inserted therein in their proper place as required by the rule, unless the case is allowed to be presented otherwise by special leave of the Court. The respondent may, by motion addressed to this Court, compel the appellant to have his appeal perfected and the case printed in the manner prescribed by the statutes and rules of Court, or have it dismissed for failure to so do. *Crosswell* v. *Ass'n,* 51 S. C. 221, 28 S. E. 402; *Baker* v. *Irvine,* 62 S. C. 293, 40 S. E. 672.

Both orders appealed from are affirmed.

MR. JUSTICE WOODS *did not sit in this case.*