18245

COUNTY COUNCIL OF CHARLESTON, Respondent, v. S. E. FELKEL and The Tremont Company, Appellants

(137 S. E. (2d) 577)

*Messrs. Stoney & Stoney* and *W. Turner Logan,* of Charleston, *for Appellants,*

*Messrs. Ben Scott Whaley, C. D. Hopkins, Jr.,* and *Na-
thaniel L. Barnwell,* of Charleston, *for Respondent,* ▮▮▮

July 23, 1964.

TAYLOR, CHIEF JUSTICE.

This appeal is from the following Order of the Honorable
Clarence E. Singletary, dated October 6, 1962:

"This matter comes before me on a Rule to Show Cause why an Injunction should not be issued restraining the Respondents, S. E. Felkel and The Tremont Company, from the sale of lots or parcels of land in Tremont Subdivision, Johns Island, South Carolina. The time for answering or demurring has not yet expired and when the issues have been joined the matters set out therein will be fully heard. Until such time I have considered the matter as an application for an Injunction *Pendente Lite*.

"After a careful consideration of the Respondents' Return and it appearing to me that the Respondents caused to be recorded in the R. M. C. Office for Charleston County a plat of Tremont Subdivision without first securing approval of County Council of Charleston County as required by Statute, and that said Respondents are presently offering for sale lots in said subdivision, and it appearing upon admission of Respondents' counsel that 90% of the lots shown on the plat are unsold, and it further appearing that irreparable injury may result to innocent purchasers, it is

"ORDERED that the Respondents, S. E. Felkel and The Tremont Company, be and they are hereby restrained from the sale of lots or parcels of land in Tremont Subdivision, Johns Island, South Carolina during the pendency of this action and until the further order of this Court.

"This Order to be effective upon the filing by Petitioner of a Bond in the sum of Two Hundred and Fifty ($250.00) Dollars approved by the Clerk of the Court of Common Pleas for Charleston County, for damages and costs which might accrue by reason of this Restraining Order."

It is apparent upon its face that the Order appealed from is a temporary restraining Order, *Andrews v. Sumter Commercial and Real Estate Co.,* 87 S. C. 301, 69 S. E. 604. The sole object of a temporary injunction is to preserve the subject of controversy in the condition which it is at the time of the Order until opportunity is offered for full and deliberate investigation and to preserve the

existing status during litigation, *Epps v. Bryant,* 218 S. C. 359, 62 S. E. (2d) 832; *Atlantic Coast Lumber Corp. v. E. P. Burton Lumber Co.,* 89 S. C. 143, 71 S. E. 820; and the granting of a temporary injunction rests in the discretion of the Court, *Seabrook v. Carolina Power & Light Co. et al.,* 159 S. C. 1, 156 S. E. 1; *Seaboard Air Line Ry. v. Atlantic Coast Line R. Co.,* 88 S. C. 477, 71 S. E. 39; *Norris v. Brown,* 146 S. C. 279, 143 S. E. 878. In case of property rights the purpose is to preserve the *status quo* pending litigation, *Pelzer v. Hughes,* 27 S. C. 408, 3 S. E. 781; *Meinhard v. Youngblood,* 37 S. C. 223, 15 S. E. 947; *Williams v. Jones & Amerman,* 92 S. C. 342, 75 S. E. 705; see also, Code of Laws of South Carolina 1962, Section 10-2055 *et seq.*

If defendants are permitted to continue to sell lots pending this litigation, it is conceivable that irreparable damages might result. *Tallevast v. Kaminski,* 146 S. C. 225, 143 S. E. 796; whereas, to maintain the *status quo* with plaintiff required to give bond to save defendants from damage, as here, could result in damages to no one. We, therefore, see no abuse of discretion on the part of the trial Judge. Further, the questions attempted to be raised here upon the merits were not passed upon by the hearing Court and cannot be raised for the first time in this Court as they are not jurisdictional.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.