21732

Robert E. CROUT, Appellant, v. SOUTH CAROLINA NATIONAL BANK, Respondent.

(293 S. E. (2d) 422)

*Jesse M. Ray* and *Carl R. Thackston*, Greenville, *for appellant.*

*L. Henry McKellar* and *Manton M. Grier*, Columbia, *for respondent.*

June 14, 1982.

HARWELL, Justice:

Appeals from two January 7, 1980 orders are consolidated in this case: one denied appellant's motion for a continuance, or in the alternative, for a voluntary nonsuit without prejudice, and the second dismissed appellant's case with prejudice because he was not ready to proceed with trial when the case was called. We affirm.

Appellant initiated this action on September 26, 1978, seeking damages because of respondent's alleged wrongful dis-

honor of two personal checks and the premature recording of a confession of judgment contrary to an agreement between the parties. Appellant contends he lost the 1974 election for State Comptroller General because news of both transactions were published by the news media. Respondent was granted a summary judgment on the first cause of action, but this Court reversed and remanded. *Crout v. South Carolina National Bank*, 273 S. C. 702, 258 S. E. (2d) 924 (1979).

Thereafter, at a pretrial conference on December 19, 1979, both appellant and respondent advised the court that they were ready for trial. The administrative judge set this as the first case for trial at the January 7, 1980 term of court. However, on January 2, 1980, appellant orally requested a continuance, or in the alternative, for a voluntary nonsuit without prejudice so that he could add as a party defendant the attorney who prepared and presumably recorded the confession of judgment. The administrative judge denied appellant's request, stating several reasons: both parties had announced at pretrial that they were ready for trial, appellant had known from the outset that respondent's attorneys had prepared and presumably recorded the confession, and respondent could not avoid liability if its agents were liable. After appellant served and filed the written motion for a continuance or voluntary nonsuit on January 3, 1980, the administrative judge issued his written order denying the motion on January 7, 1980.

When the case was called for trial the afternoon of January 7, 1980, appellant served respondent with a notice of intent to appeal. The administrative judge had already advised appellant in the written order that an appeal would not stay the trial because the motion was interlocutory. Thereupon, appellant's counsel advised the trial court that he was not ready to proceed. The trial court dismissed the case with prejudice.

First, appellant contends that the administrative ■■ judge abused his discretion in denying appellant's motion for a continuance or in the alternative for a voluntary dismissal without prejudice. Circuit Court Rule 45(2) states in pertinent part:

Except as otherwise provided in this Rule, an action shall not be dismissed at the plaintiff's instance save upon

order of the Court and upon such terms and conditions as the Court deems proper . . . .

In *Harmon v. Harmon*, 257 S. C. 154, 184 S. E. (2d) 553 (1971), this Court held that the new Rule 45(2) "vests discretionary power in the presiding judge which he did not have prior to the adoption of the rule." 184 S. E. (2d) 555. We have applied an abuse of discretion standard as the scope of review in an appeal from an order granting the plaintiff a voluntary dismissal without prejudice. *Walker v. Jones*, 269 S. C. 19, 235 S. E. (2d) 810 (1977). Likewise, a motion for a continuance is addressed to the sound discretion of the trial judge, whose judgment will be reversed only on showing an abuse of discretion. *Edens v. Cole*, 261 S. C. 556, 201 S. E. (2d) 382 (1973). Therefore, the issue is whether the administrative judge abused his discretion in refusing appellant's motion for a continuance or voluntary dismissal without prejudice. The case had been pending for approximately a year and a half, the depositions of appellant and respondent's employee had been taken, the respondent had moved for summary judgment which had resulted in an appeal to this Court, the case was remanded for trial, a pretrial conference had been held at which both parties announced they were ready for trial, and the case was set for a day certain. Not until five days before trial date did appellant announce he wanted a continuance or voluntary dismissal without prejudice. When a case has advanced to the trial state, courts are reluctant to grant the plaintiff a voluntary dismissal without prejudice absent a compelling reason. *Paturzo v. Home Life Ins. Co.*, 503 F. (2d) 333 (4th Cir. 1974); *Klintworth v. Atlantic Coast Line R. R. Co.*, 39 F.R.D. 330 (D.S.C. 1966). We conclude that the administrative judge did not abuse his discretion in denying appellant's motion for a continuance or a voluntary nonsuit without prejudice.

Next, appellant alleges the trial judge abused his discretion in dismissing the case with prejudice when appellant announced he was unprepared to try the case after the administrative judge had denied his earlier motion. Appellant was obligated to go forward with his proof or suffer a dismissal with prejudice. In *Paturzo v. Home Life Ins. Co.*, supra, the Fourth Circuit Court of Appeals stated:

After denial of his motion, plaintiff refused to go forward with his proof .... Apparently, counsel was operating under the mistaken belief that he would waive his right to appeal the denial of his motion if he fully litigated the issue at trial. This apparent assumption was erroneous. The denial of plaintiff's motion was interlocutory and unappealable. When plaintiff's motion was denied, plaintiff was required to either present his proofs or suffer the consequences of failure to do so. 503 F. (2d) at 336.

See also, *Olsen v. Muskegon Piston Ring Company,* 117 F. (2d) 163 (6th Cir. 1941).

Finally, appellant asserts that the service of his notice of appeal from the administrative judge's order acted as a supersedeas and stayed further proceedings in the trial court. We disagree. Supreme Court rule 41 § 1(A) states that subject to certain exceptions, every appeal taken to the Supreme Court from a judgment, decision, or decree shall automatically operate as a supersedeas and as a stay of further proceedings in the lower court. However, S. C. Code Ann. § 14-3-330 (1976) defines and limits this Court's appellate jurisdiction in law cases. There are only four basic situations from which a party may appeal: (1) intermediate judgments, orders or decrees involving the merits, (2) orders affecting substantial rights when such orders in effect determine the action and prevent a judgment from which an appeal may be taken or when the orders discontinue the action, (3) a final order in special proceedings, and (4) interlocutory orders continuing, modifying or refusing injunctions. The administrative judge's order refusing appellant's motion for a continuance or a voluntary dismissal was not appealable because it was an intermediate order not involving the merits. Therefore, the notice of appeal from that order did not transfer jurisdiction to this Court or stay further proceedings in the trial court. The administrative judge's order did not become appealable until after the final judgment in the trial court.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.