0476

William L. TEMPLES, d/b/a Temples Construction Company, Respondent, v. Dorothy K. RAMSEY, Appellant.

(330 S. E. (2d) 558)

Court of Appeals

*Howard Hammer*, of *Hammer & Bernstein*, Columbia, *for appellant.*

*Leo A. Dryer*, of *Drawdy & Dryer*, Columbia, *for respondent.*

Heard March 26, 1985.

Decided May 20, 1985.

CURETON, Judge:

Appellant Dorothy Ramsey appeals from the order of the circuit court denying her motion for a mistrial and granting, on motion of the court, a continuance conditioned on payment of certain costs. We find both rulings to be interlocutory and not directly appealable and therefore dismiss the appeal.

Respondent William Temples, a contractor, initiated this action against the appellant Ramsey, a homeowner, for breach of contract. Prior to the commencement of trial, Ramsey moved for a continuance for medical reasons. The court denied the motion and the case proceeded to trial.

During the afternoon of the second day of trial, after Temples had presented his case and during cross examination of Ramsey, counsel for Ramsey expressed concern for her physical well-being and moved for a mistrial. The court denied the motion, but recessed the trial for the day. Upon the resumption of trial the next day, counsel for Ramsey presented a doctor's certificate indicating that she had sought medical attention at a hospital emergency room during the previous night. Again, counsel's motion for a mistrial was denied and the case was continued until the afternoon of the next day.

On the following day, Ramsey presented an affidavit from her family doctor indicating that further appearances by

her in court would be "deleterious" to her health and advising that she would be able to appear after thirty days. Counsel for Ramsey again moved for a mistrial. Initially, the court granted a mistrial on the condition the case be referred to the master in equity, the testimony already presented to the court be transcribed for the benefit of the master at Ramsey's expense, and Ramsey's deposition be taken, at her expense, for the use of the master in case she was unable to testify before him. Subsequently, the court reconsidered, denied the mistrial and continued the case on the same conditions. Ramsey assigns error to both the imposition of the costs attendant to the continuance and the denial of her motion for a mistrial.[1]

However meritorious Ramsey's contentions may be, it is well-established that orders granting or denying motions for a continuance or a mistrial are not directly appealable. *Crout v. South Carolina National Bank*, 278 S. C. 120, 293 S. E. (2d) 422 (1982); *Symmes v. Symmes*, 18 S. C. 601 (1882); *Good v. Hartford Accident & Indemnity Co.*, 201 S. C. 32, 21 S. E. (2d) 209 (1942). In *Crout v. South Carolina National Bank, supra*, 278 S. C. at 124, 293 S. E. (2d) at 424, the Supreme Court listed the types of orders that are directly appealable under Section 14-3-330 of the South Carolina Code of Laws of 1976:

> There are four basic situations from which a party may appeal: (1) intermediate judgments, orders or decrees involving the merits, (2) orders affecting substantial rights when such orders in effect determine the action and prevent a judgment from which an appeal may be taken or when the orders discontinue the action, (3) a final order in special proceedings, and (4) interlocutory orders continuing, modifying or refusing injunctions.

The court's order denying a mistrial and granting a continuance on the stated conditions was not directly appealable because it was an interlocutory order not involving the merits. Accordingly, this appeal is dismissed.

---

[1] Ramsey does not contend that the case was not referable to the master on the court's own motion.

Dismissed.

GARDNER and GOOLSBY, JJ., concur.