1322

Naomi WALKER, Respondent v. SPRINGS INDUSTRIES, INC., Appellant.

(379 S. E. (2d) 729)

Court of Appeals

*Hoover C. Blanton,* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for appellant.*

*J. Marvin Mullis, Jr.* and *Timothy R. Walker,* Columbia, *for respondent.*

Submitted Feb. 22, 1989.

Decided April 10, 1989.

*Per Curiam:*

This is a worker's compensation case. Springs Industries appeals the ruling that Naomi Walker could withdraw her request for a hearing, over employer's objection, without effecting a dismissal of her underlying claim. We dismiss because the order is interlocutory and unappealable.

Walker gave timely notice of an alleged work-related injury, and subsequently filed a Form 50 Request for Hearing. Springs filed a Form 51 Answer and the hearing was scheduled with notice to both parties. Eight days before the scheduled hearing date, Walker requested that her Form 50 be dismissed. Springs objected to the dismissal of the Form 50 and attendant hearing unless employee's underlying claim was also dismissed.

The single commissioner held that an employee, as a matter of right, and over the employer's objection, may dismiss

a Form 50 Request for Hearing without thereby dismissing the underlying claim. The commissioner ordered the case returned to the files of the Commission until a hearing was requested by one of the parties or set by the Commission. The Full Commission and circuit court affirmed.

Appeals are governed by statute. S. C. Code Ann. Sec. 14-3-330 (1976). The South Carolina Supreme Court has recently held:

> There are only four basic situations from which a party may appeal: (1) intermediate judgments, orders or decrees *involving the merits,* (2) orders affecting substantial rights *when* such orders in effect determine the action and prevent a judgment from which an appeal may be taken *or when* the orders discontinue the action, (3) a final order in special proceedings, and (4) interlocutory orders continuing, modifying or refusing injunctions.

*Crout v. South Carolina National Bank,* 278 S. C. 120, 124, 293 S. E. (2d) 422, 424 (1982) (emphasis added). The present case does not qualify for direct appeal under any of these conditions. Moreover, the appealed order effected an indefinite continuance of this case. Orders granting continuances are not directly appealable. *Temples v. Ramsey,* 285 S. C. 600, 330 S. E. (2d) 558 (Ct. App. 1985).

Accordingly, this appeal is dismissed.