THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
SCACR.
THE STATE OF
 SOUTH CAROLINA
 In The Court
 of Appeals

 
 
 
 Harrell E. Morlan, Respondent,
 v.
 James A. Kelly and Tamika Kelly, Appellants.
 
 
 

Appeal From Richland County
 J. Ernest
Kinard, Jr., Circuit Court Judge

Unpublished Opinion
No. 2009-UP-002
Heard November
6, 2008  Filed January 5, 2009

REVERSED AND
REMANDED 

 
 
 
 William W. Watkins, Sr., and W.D. Morris, of Columbia, for Appellants.
 Tobias G. Ward, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM: In this action to quiet title,
 James A. Kelly (James) and Tamika Kelly (Tamika) appeal the dismissal of their counterclaims
 for civil conspiracy, negligent misrepresentation, and fraud.  James and Tamika
 assert the trial court erred in dismissing their tort counterclaims on the
 ground the allegations, based on a purported installment sales contract, failed
 to prove the existence of some other relationship, irrespective of the
 contract, that would give rise to a duty in tort.[1]  James and
 Tamika further assert the trial court erred in ordering payment of fire
 insurance and property taxes pending a trial on the merits.   We reverse and
remand.
1.  As to the dismissal of the tort counterclaims, we
 find the trial court erred in dismissing the counterclaims on the basis of the
 parties contractual relationship as opposed to some other relationship giving
 rise to a duty outside of the contract.  We note the trial court denied summary
 judgment acknowledging a dispute as to the existence of the contract.  Until
 the factual conflict as to the existence of the contract is resolved, the
 dismissal of the counterclaims on the basis of any alleged contract where the
 existence of that contract is disputed was error.  Moreover, the counterclaimant
 sufficiently alleged a civil conspiracy cause of action.  See Pye v.
 Estate of Fox, 369 S.C. 555, 567, 633 S.E.2d 505, 511 (2006) (stating the
 elements of conspiracy).  Additionally, as to negligent misrepresentation and
 fraud, review of the allegations reveals a duty in tort was sufficiently
 alleged by way of agency, especially noting paragraphs fifteen and twenty-one
 in the pleadings.  Accordingly, we find the trial courts dismissal of the
counterclaims was erroneous.  
2.  As to special damages for civil conspiracy, we
 find the pleadings sufficiently alleged special damages.  The statement in
 paragraph fourteen asserting damage from the eviction actions in magistrate
 court constitutes a sufficient allegation of special damages as the damages
 from defending the eviction actions stem from the overt act and are not
 included in the other two counterclaims.  See Rule 9(g), SCRCP (When
 items of special damage are claimed, they shall be specifically stated.); Pye,
 369 S.C. at 567-68, 633 S.E.2d at 511 (stating the gravamen of the tort of
 civil conspiracy is the damage resulting to the plaintiff from an overt act
 done pursuant to the combination and noting the damages alleged must go beyond
 the damages alleged in other causes of action).  Accordingly, the trial court
erred in dismissing the civil conspiracy claim on this alternative basis.  
3.  As to whether the pleadings failed to allege
 circumstances of fraud pursuant to Rule 9(b), SCRCP, we find the pleadings
 sufficiently allege all nine elements of fraud with particularity; therefore, the
 trial courts dismissal of the fraud counterclaim on this basis was error.  See Rule 9(b), SCRCP (the circumstances constituting fraud shall be stated with
 particularity); Schnellmann v. Roettger, 373 S.C. 379, 382, 645 S.E.2d
 239, 241 (2007) (stating a cause of action for fraud requires the following
 elements: (1) a representation; (2) its falsity; (3) its materiality; (4)
 knowledge of its falsity or a reckless disregard for its truth or falsity; (5)
 intent that the representation be acted upon; (6) the hearers ignorance of its
 falsity; (7) the hearers reliance on its truth; (8) the hearers right to rely
thereon; and (9) the hearers consequent and proximate injury).  
4.  Finally, with regard to whether the trial court
 erred in ordering payment of fire insurance and property taxes pending trial,
 the court need not address this issue as it is interlocutory and, therefore,
 not directly appealable. See Temples v. Ramsey, 285 S.C. 600,
 602, 330 S.E.2d 558, 559 (Ct. App. 1985) (dismissing appeal where the trial
 court order denying mistrial and granting continuance conditioned on payment of
 certain costs was interlocutory and therefore not directly appealable).  Even
 if we were to consider this issue along with the other appealable issues, we
 find no abuse of discretion.  The trial court, sitting in equity, has the
 inherent power to preserve property during the pendency of litigation.  Cf. County Council of Charleston v. Felkel, 244 S.C. 480, 480, 137 S.E.2d
 577, 577 (1964) (In [the] case of property rights the purpose [of a temporary
 injunction] is to preserve the status quo pending litigation.).  Here, the
 trial court ordered appellants to pay property taxes and insurance on the property
 pending litigation of the matter in order to preserve the status quo.   The
 trial court based this finding on the ground that appellants are in exclusive
 possession of the property.  Additionally, the trial court provided for
 proration of taxes and insurance paid in the final order, if necessary. 
 Accordingly, it was not an abuse of discretion for the court to order payment
of taxes and insurance pending trial.
REVERSED AND REMANDED.
WILLIAMS, PIEPER, and GEATHERS, JJ., concur.

[1] James and Tamika did not raise the argument that an
 equitable interest in an installment contract must be foreclosed; therefore,
that issue is not before us for review.