**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

City of Fort Mill, Appellant,

v.

Colin Duane Fitzgerald, Respondent.

Appellate Case No. 2012-213281

―――――――――

Appeal From York County
Lee S. Alford, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2014-UP-483
Submitted October 1, 2014 – Filed December 23, 2014

―――――――――

**VACATED**

―――――――――

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Appellant.

James Tyler Burns, of Robert J. Reeves, PC, of Fort Mill, for Respondent.

―――――――――

**PER CURIAM:** The City of Fort Mill (the City) appeals the circuit court's order reversing Fitzgerald's conviction in municipal court and dismissing his charge for driving with an unlawful alcohol concentration. On appeal, the City argues the

circuit court (1) lacked jurisdiction to adjudicate this case because the trial from which appeal was taken resulted in a mistrial and (2) erred in finding the City failed to satisfy the requirements of section 56-5-2953 of the South Carolina Code (Supp. 2013).

We find the municipal court's declaration of mistrial was not appealable to the circuit court.  *See Grooms v. Zander*, 246 S.C. 512, 514, 144 S.E.2d 909, 910 (1965) ("A mistrial is the equivalent of no trial and leaves the cause pending in the [trial] court."); *id.* ("[T]he status of the litigation and of the parties [becomes] the same as though no trial had taken place."); *Temples v. Ramsey*, 285 S.C. 600, 602, 330 S.E.2d 558, 559 (Ct. App. 1985) ("[I]t is well-established that orders granting or denying motions for a continuance or a mistrial are not directly appealable."). Accordingly, the circuit court lacked appellate jurisdiction over this case.  *See Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("[T]he circuit court has appellate jurisdiction over only those matters which are properly appealed.").  We therefore vacate the circuit court's orders and Fitzgerald's sentence in the municipal court.  *See State v. Guthrie*, 352 S.C. 103, 107, 572 S.E.2d 309, 312 (Ct. App. 2002) ("The acts of a court with respect to a matter as to which it has no jurisdiction are void.").

**VACATED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.