## Schwindt, Appellant, *v.* Schwindt.

*Divorce—Fraud—Misrepresentations as to pregnancy.*

A husband will not be granted a divorce on the ground that his wife falsely represented to him before marriage that she was pregnant by him; and especially is this the case where it appears that the husband had condoned whatever offense was originally committed in that respect and had confirmed the marriage by subsequent intimacy.

*Divorce—Adultery—Evidence.*

A husband will not be granted a divorce on the ground of adul·
tery where it appears that the wife was induced to the misconduct
charged against her by friends of the husband acting on his be-
half and with his concurrence.

Argued Nov. 17, 1916.   Appeal, No. 268, Oct. T., 1916,
by plaintiff, from decree of C. P. No. 3, Philadelphia Co.,
Dec. T., 1913, No. 226, dismissing libel in divorce in case
of Louis W. Schwindt v. Mary Josephine Schwindt. Be-
fore ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-
HART, TREXLER and WILLIAMS, JJ.   Affirmed.

Libel for divorce.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the libel.

*G. Von Phul Jones,* with him *John McConaghy,* for
appellant.

*Thomas James Meagher,* with him *John J. Green,* for
appellee.

OPINION BY HENDERSON, J., March 16, 1917:
The appellant seeks the annulment of his marriage
contract on two grounds: (1) fraud practiced by the
respondent in securing the marriage; (2) adultery com-
mitted by the respondent.   A large volume of evidence
was taken and a comprehensive and careful report was
presented by the master to whom the case was referred,
in which report the master for reasons elaborately and
forcefully set forth recommended that a decree be en-
tered refusing a divorce and on consideration of the re-
port and the evidence the court dismissed the libel.   The
master and the court below reached the conclusion that
if the representation alleged by the complainant to the
effect that the respondent was pregnant as a result of
intercourse with the defendant before her marriage was

untrue and that the defendant because of such misrepresentation was induced to enter into the marriage contract nevertheless the misstatement as an inducement to marriage by a woman to a man who had had intercourse with her before marriage was not such a fraud as would avoid the marriage; and moreover that such a defense could not be set up where the complainant had condoned whatever offense was originally committed in that respect and had confirmed the marriage by subsequent intimacy. The Act of May 8, 1854, P. L. 644, which allows a divorce where the marriage was procured by fraud, force or coercion gives jurisdiction only in cases in which the marriage has not been subsequently confirmed by acts of the injured party. The conclusion of the master that for months after the marriage the complainant visited the respondent and maintained intimate relations with her when he must have known that the statements attributed to his wife as to her condition before marriage were not true, is supported by sufficient evidence and the fact thus found is conclusive against the complainant.

It may be questioned whether the evidence of the respondent's adultery is so clear as to warrant the conclusion that she was guilty of the offense. There is abundant evidence from which it might be inferred that she intended to have illicit relation with the witness, Jack, but the discrepancy in the testimony as to the length of time they occupied the room in the hotel and the situation as disclosed by the officer who had the warrant and the hotel clerk leave considerable doubt as to the sufficiency of the proof of the fact that adultery had been committed before the arrest. But conceding that branch of the case to be made out the evidence leaves little place for doubt that the respondent was brought into this situation through the connivance of her husband and for the purpose of giving him a basis for an action of divorce. The concurrence and sequence of events beginning with the formation in Philadelphia of the plan of the auto-

mobile trip to Bethlehem, Easton and Allentown, the preparation by which the respondent became a member of the party, the presence of the complainant's mother at Allentown, the making of the complaint by her against the respondent for adultery admittedly a considerable time before the offense was alleged to have been committed, the engagement in advance of the rooms in the hotel, with the surrounding circumstances, when considered together afford convincing evidence that the complainant and at least two of the parties to the automobile trip were engaged in a scheme to entice the respondent into a position which would compromise her and afford evidence in support of a divorce. The discussion of the testimony by the master needs no amplification. In the light of evidence which is not seriously controverted it is satisfactorily established that the respondent was induced to the misconduct charged against her by friends of the complainant who were acting in his behalf and with his concurrence. Under such circumstances a divorce should not be granted under the Act of March 13, 1815, which prohibits a divorce for adultery where the plaintiff exposed his wife to lewd company whereby she became ensnared of the crime charged against her. It is unnecessary to cite authorities in support of so just a defense. Divorces are only granted where allowed by statute and where a husband seeks a divorce from his wife on the ground of adultery the law allows him no relief where his wife's prostitution has been connived at and encouraged. There are twenty-six assignments of error relating to the admissibility of evidence and the findings of fact and conclusions of law of the master. We will not discuss them in detail. They relate to minor features of the case and to the sufficiency of the evidence to support the judgment of the court below. We are not convinced that any of them have such merit as to warrant a reversal of the decree.

After a careful examination of the case our conclusion is that the decree be affirmed at the cost of the appellant.