# Geiger v. Geiger

*Russell C. Mauch*, for libellant.

*J. Willard Paff*, of *Smith & Paff*, and *Edwin K. Kline*, of *Kline & Kline*, for respondent.

BARTHOLD, J., September 10, 1945. — Respondent Lillian H. Geiger seeks the dismissal of the instant libel in divorce and the revocation of the order appointing a master, because of the pendency of a prior similar action instituted by libellant Willard E. Geiger in another county.

Libellant instituted a divorce action against respondent in the Court of Common Pleas of Lehigh County on December 28, 1942, charging desertion and indignities. On January 8, 1943, respondent entered a rule on libellant to furnish a bill of particulars but the rule is still open, libellant having failed to comply. On January 11, 1943, respondent petitioned for an allow-

ance of counsel fees. This rule for counsel fees has been disposed of by stipulation of counsel. On February 2, 1943, a master was appointed but the appointment was subsequently revoked on the ground that it was premature. No subsequent proceedings have been taken in the Lehigh County action.

On January 30, 1945, libellant filed the present libel in divorce in this court, charging respondent with desertion. On February 12, 1945, respondent filed a petition requesting an allowance for counsel fees. Counsel fees have since been agreed upon by stipulation of counsel.

On March 12, 1945, respondent filed an answer to the libel in the form of a demurrer alleging the pendency of the prior divorce action in Lehigh County. Libellant filed a reply alleging that the parties had abandoned the divorce action in Lehigh County on or about July 16, 1943. On June 12, 1945, this court appointed a master and examiner. Thereafter on June 27, 1945, upon petition of respondent, this court granted the present rule upon libellant to show cause why the libel should not be dismissed and the appointment of the master revoked.

It is settled law that the pendency of a prior action in the same State in a court having jurisdiction of the parties and subject-matter, which action is between the same parties and involves the same cause of action and prayer for relief, constitutes a valid ground for abatement of the later action: Penn Bank, to use, v. Hopkins et al., 111 Pa. 328; Hessenbruch et ux. v. Markle et al., 194 Pa. 581; Feather v. Hustead, 254 Pa. 357; Becker v. Lebanon & Myerstown Street Railway Co., 25 Pa. Superior Ct. 367.

The reason for the above rule is forcibly set forth by Black, J., in Cleveland, Painesville and Ashtabula Railroad Co. v. The City of Erie, 27 Pa. 380, 382, 383:

"No man shall be twice harassed for the same cause. After judgment or decree by a tribunal of competent jurisdiction, another complaint, grounded on the same

facts, will not be listened to, either by the same tribunal or a different one. This nobody denies. It is equally clear that a party cannot be doubly vexed by two proceedings for the same cause carried on against him at the same time. Two suits for the same cause of action, even when brought in the same court, will never be tolerated. It is much worse when the several suits are in different courts, requiring the defendant to appear in two places at once. . . . If a party may carry on two suits against his adversary, he may carry on twenty just as well, provided he can find, as in some cases he might find, that number of courts having jurisdiction, and thus he could not only harass and vex him, but plague him to death. Again: the right to bring several suits for the same matter, implies the right to prosecute them all to final judgment or decree. Suppose the decrees do conflict with one another. They are all equally conclusive and valid. Which shall be obeyed? It is impossible to administer justice, and it never has been done in any civilized country, without adopting the rule that a party who brings one suit in a court of competent jurisdiction, must finish it before he can be allowed to prosecute another."

The above rule is applicable to divorce proceedings: Pillmore v. Pillmore, 46 Montgomery 211; Harris v. Harris, 1 Phila. 442; Murphy v. Murphy, 8 Phila. 357; Clark v. Clark, 14 Dist. R. 270; Hartman v. Hartman, 21 Dist. R. 341; Loll v. Loll, 43 D. & C. 37; Williams v. Williams, 73 Pittsburgh L. J. 631.

The exemplified record of the proceedings in Lehigh County indicates that libellant has not formally discontinued his divorce action in Lehigh County. On the record, therefore, it is still pending and undetermined. Counsel for libellant contends, however, that the parties abandoned the Lehigh County action, and contends further that such abandonment is tantamount to a discontinuance. The inflexible rule, that in divorce cases a discontinuance can be effected only by express leave of court, is a full and complete answer to this argu-

ment: Garratt v. Garratt, 4 Yeates 244; Schwindt v. Schwindt, 23 Dist. R. 506 (affirmed on other grounds, 66 Pa. Superior Ct. 217) ; Clark v. Clark, supra; Sillers v. Sillers, 25 Delaware County Rep. 563; Grumbine v. Grumbine, 30 Luzerne Legal Reg. Rep. 305; Harris v. Harris, supra; Koecker v. Koecker, 7 Phila. 364; Murphy v. Murphy, supra; Cserpnyak v. Cserpnyak, 67 Pittsburgh 678; Glass v. Glass, 67 Pittsburgh L. J. 804.

In divorce actions application for discontinuance must be made to the court. A discontinuance cannot be effected indirectly through the master, even though libellant declares an unwillingness to proceed: Cserpnyak v. Cserpnyak, supra; Glass v. Glass, supra; nor can it be effected solely by respondent's consent: Murphy v. Murphy, supra.

"Discontinuance is not an unrestricted right but a qualified privilege, exercisable only by leave of court. The privilege should not be arbitrarily refused, nor should it be carelessly granted": Kettering v. Kettering, 46 Pa. C. C. 514, 516.

In the light of the above principles, this court need not determine whether or not the parties abandoned the Lehigh County action. Even if such abandonment is assumed as a fact, it does not in and of itself effect a discontinuance. Leave of court must still be obtained. We are firmly of the opinion that libellant cannot proceed in this court while his action in the Lehigh County Court is pending and undetermined.

One more matter requires consideration. In the Lehigh County action, respondent on January 8, 1943, filed a rule for a bill of particulars in accordance with the Divorce Law of May 2, 1929, P. L. 1237, sec. 40, 23 PS §40. Libellant has failed to furnish such bill and his action might be non prossed by the Lehigh County Court under the statute, or generally, for want of prosecution: Esenwein v. Esenwein, 312 Pa. 77. Counsel for libellant contends that if libellant were to attempt to revive the Lehigh County action, he would or could be non prossed. This is undoubtedly true, but it

is a matter to be passed upon by the Lehigh County Court in the action therein instituted. If a judgment of non pros is entered by the Lehigh County Court, the way will be open to proceed with the present action.

Where, as here, the pendency of a prior action is shown the libel may be dismissed without prejudice: Williams v. Williams, supra; or leave may be granted libellant to discontinue his prior suit in Lehigh County nunc pro tunc as of a date preceding the institution of the second suit in this court, all proceedings in the later suit being stayed meanwhile: Clark v. Clark, supra; Harris v. Harris, supra; Murphy v. Murphy, supra.

We are of the opinion that the ends of justice will be met by staying all proceedings in the Northampton County Court pending further proceedings in the Lehigh County Court; meanwhile reserving to libellant the right to petition this court for a removal of the stay in the event that the Lehigh County Court discontinues the action in Lehigh County or enters judgment of non pros therein, and reserving to respondent the right to renew her motions in this court in the event that the Lehigh County Court refuses a discontinuance or judgment of non pros in the divorce action there pending.

And now, September 10, 1945, upon consideration of the foregoing, it is hereby ordered, adjudged, and decreed, that all proceedings in the present action for divorce a. v. m. be stayed pending further action by the Lehigh County Court in the divorce proceedings therein instituted; reserving, however, to libellant the right to petition for a removal of the stay granted by this court in the event that the Lehigh County Court grants to libellant leave to discontinue his action in Lehigh County or enters judgment of non pros therein, and reserving, however, to respondent the right to renew the present motions now pending in this court in the event that the Lehigh County Court refuses a discontinuance or judgment of non pros in the divorce action there pending.