## Eich v. Eich

*Robert L. Stuart*, for plaintiff.
*Charles M. Bolich*, for defendant.

DIEFENDERFER, J., November 24, 1952. — Plaintiff filed a petition to discontinue the above action in di-

vorce and defendant answered, opposing the discontinuance.

On August 14, 1950, plaintiff filed a complaint in divorce, alleging indignities to the person.

On August 31, 1950, defendant entered a rule for allowance of costs, expenses and counsel fees.

On September 16, 1950, plaintiff filed an amended complaint alleging desertion.

A rule was entered by defendant to cause plaintiff to file a bill of particulars.

No action has been taken on the above recited rules.

A divorce proceeding can be discontinued only by leave of court: Mull v. Mull, 14 Somerset 192.

There appear to be no cases on this question decided by our appellate courts. The reason no doubt is because the matter lies within the discretion of the court to whom the petition for discontinuance has been presented. Litigants have apparently been satisfied in the reported cases that the discretion vested in courts has been wisely exercised.

The case of Crosby v. Crosby, 42 D. & C. 452-53-54 is the most comprehensive analysis of actions to discontinue divorce cases. It was held:

"Ordinarily the complainant may at any time prior to a decree have his bill dismissed. The Court will not refuse an application to dismiss unless defendant will thereby suffer a disadvantage or unless the public has an interest in the action: Wurst v. Wurst, 14 Dist. R. 682. Respondent contends that a discontinuance will cause her to suffer a disadvantage in that she will be unable to present testimony to prove the allegations false, and that in the future libellant may institute proceedings again in this or in other courts which will require her, if she is aware of the action, to again go through the same proceeding required of her at this time. Unquestionably this is true, but the word 'disadvantage' as used in this connection in text books

seems to contemplate a situation where respondent has filed a cross-bill or an answer asking affirmative relief: 17 Am. Jur., §347; 19 C. J. 147, §374. . . . An examination of the authorities in this state finds them to the effect that divorce actions are to be discouraged and that libellant may suffer a non-suit as in other actions save under exceptional cases: Koecker v. Koecker, 7 Phila. 364; Wurst v. Wurst, supra."

Plaintiff's petition to discontinue the action is an admission that his charges were unjustified: Gingrich v. Gingrich, 47 D. & C. 254.

Pendency of a rule for counsel fees is no reason for refusing libellant leave to discontinue: Erb v. Erb, 29 D. & C. 254.

It is the policy of the courts to promote the continuance of the marriage relationship and the withdrawal or settlement of divorce cases: Rahal v. Rahal, 48 D. & C. 302.

Leave to a husband to discontinue a divorce proceeding will be granted only on condition that he pay respondent all costs and respondent's counsel fee: Pyle v. Pyle, 30 Del. Co. 467.

It will be noted that the order prayed for in the present case includes a provision for costs and counsel fees.

The only cases where a discontinuance will not be allowed is where respondent suffers a disadvantage, as where legality of marriage is attacked, or where there is a charge of adultery: Schwindt v. Schwindt, 66 Pa. Superior Ct. 217.

Crosby v. Crosby, supra, is a complete answer to the allegations of defendant's answer. The disadvantage she claims does not constitute such a disadvantage to her as to justify refusing plaintiff leave to discontinue his action. Defendant's conduct in this case as related to her legal moves are inconsistent. If her first move when she entered a rule for counsel

fees and costs was a bona fide effort to defend the case and her second move an honest effort to secure a bill of particulars so that she could better defend the action, both intended to prevent plaintiff from obtaining a decree, we cannot refrain from asking why she now so vigorously opposes a discontinuance which would leave the parties in the same position they were before the divorce action was started. She could not obtain more if she had successfully defended the action. Plaintiff's petition is an acknowledgement that he cannot prove the charges. An order discontinuing the case will relieve defendant the unpleasant features of a contest and give to her what she apparently hoped to gain by defending the action. The marriage she started out to preserve would remain inviolate.

The case cannot be decided on any supposed actions of either of the parties in the future. If the court could, in an order discontinuing the action, impose conditions, such as restraining plaintiff from proceeding in another jurisdiction, or from performing any future act not to the liking of defendant, conversely the court in refusing a decree in divorce could attach similar restraining conditions. This is not the law.

The record discloses the services which the attorney for defendant rendered. The amount of his fee is within the discretion of the court. The costs due the prothonotary are a matter of record.

This court has also ruled similarly in Schultz v. Schultz, 77 D. & C. 191, and it has likewise followed the case of Crosby v. Crosby, 42 D. & C. 452. There appear to be two grounds for such a defense which would prevent a discontinuance of the case, to wit, where the legality of the marriage is questioned or where defendant was charged with adultery. The court would not refuse a discontinuance unless defendant suffered a disadvantage or unless the public has an interest in the action. Disadvantage means pre-

judice and the mere fact that a discontinuance may subject defendant to a new action which may terminate is not such a disadvantage. In the present case there was evidence of plaintiff engaging the service of an attorney in New Jersey. Counsel for plaintiff has stated plaintiff is still a resident of Pennsylvania and not New Jersey. Whether or not this plaintiff desires to institute a new action in New Jersey is not a ground for objection to the discontinuance. Counsel fees and costs should be paid. The court is of the opinion that the petition should be allowed.

And now, November 24, 1952, it is ordered and decreed that the prayer of plaintiff's petition be granted and the aforesaid action is discontinued upon payment to the prothonotary of this Court of the sum of $200, counsel fees as well as any costs incurred by defendant in the within proceeding.