19248

Ex parte Jean J. HARMON, Respondent, in re Tibitha Woods
HARMON, Appellant, v. James Bynum HARMON, Respondent

(182 S. E. (2d) 300)

*C. Ben Bowen, Esq., Abrams, Bowen & Townes,* of
Greenville, *for Appellant,*

*Marvin R. Watson, Esq., Watson & Ayers,* of Greenwood, *for the Petitioner-Respondent,*

July 6, 1971.

LITTLEJOHN, Justice:

The plaintiff, Tibitha Woods Harmon (whom we shall refer to as the second wife) brought this action against James Bynum Harmon (whom we shall call the husband) seeking a divorce absolute, and seeking alimony and attorney's fees. She alleges that her husband is living in adultery with Jean J. Harmon, whom we shall call the first wife.

The husband answered, setting forth first, a general denial. He further alleges by way of defense that heretofore, while married to the first wife, he entered into an adulterous relationship with the second wife. He alleges that incident to such relationship she falsely represented that she was pregnant and induced him to go to Mexico and procure a Mexican divorce from the first wife. Thereafter, it is alleged, the husband and the second wife entered into a purported marriage contract at Laredo, Texas. The answer further asserts that she was not actually pregnant and that the purported Mexican divorce and the purported Texas marriage are void. He therefore contends that he is still legally married to the first wife, with whom he now resides; he prays that the court declare the Mexican divorce and the Texas marriage void.

The first wife filed a motion and petition with the court asking that she be made a party defendant. She alleges that she is the lawful wife of the husband and that she was not made a party to the Mexican divorce proceeding and has not submitted herself to the jurisdiction of that court. She asserts that she has an interest in the matter in controversy.

The judge of the lower court issued his order making the first wife a party to the suit, and permitting her to file "a tort action or libel based on the published allegations" of the second wife's complaint, which charged the first wife with adultery.

The second wife has appealed, alleging error, 1st, in permitting the first wife to intervene, and 2nd, in permitting the first wife to file a cross action or counterclaim in tort.

The second wife's action is brought under the South Carolina divorce law, Section 20-101 to Section 20-148. In one of the husband's defenses there is involved the law of Sections 20-41 and 20-42, which read as follows:

"Jurisdiction to determine validity of marriage.—The court of common pleas shall have authority to hear and

determine any issue affecting the validity of a contract of marriage."

"Affirmation of marriage if validity doubted.—When the validity of a marriage shall be denied or doubted by either of the parties, the other may institute a suit for affirming the marriage and, upon due proof of the validity thereof, it shall be decreed to be valid and such decree shall be conclusive upon all persons concerned."

We think that the judge properly exercised the discretion permitted him in making the first wife a party to this litigation.

Code Section 10-203 provides:

"Who may be defendants.—Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein   *   *   *."

Section 10-219 provides:

"New parties; interpleader.—The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights."

There is before the court the simple proposition that two women claim to be the wife of the same man. Both cannot prevail. The courts in this State have routinely held that where two persons claim title to the same property it is appropriate for both to be made a party to the action wherein title is to be determined. This prevents a multiplicity of actions. By a like reasoning, we think it appropriate for two alleged wives claiming the same husband to be brought into this litigation.

Should the first wife not be permitted to intervene, and should the husband prevail in having the Mexican divorce and the Texas marriage declared void, the first wife could not complain because her position would have been sus-

tained by the court. On the other hand, if the husband should fail to prove his contentions, and if the second wife were declared to be the true wife and entitled to alimony, the first wife would be left, at least for the time being, without her day in court. The rights of the first wife and of the second wife and of the husband are here so entwined that we believe it illogical to proceed without having all parties before the court simultaneously. We find no error in the directive of the lower court making the first wife a party to the suit.

On the question of allowing the first wife to interplead a tort action we hold that the trial judge erred. Such relief was not sought in the motion and petition of the first wife. We need not discuss the law involved since the issue was not before the court and the relief should not have been considered or granted.

The order of the lower court is affirmed so far as it permitted the first wife to intervene; the order is reversed so far as it permitted the pleading of a tort action.

Affirmed in part; reversed in part; remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.