19311

Tibitha Woods HARMON, Appellant, v. James Bynum HARMON and Jean J. Harmon, Respondents

(184 S. E. (2d) 553)

*Messrs. C. Ben Bowen and C. Robert Faucett, of Abrams, Bowen & Townes,* Greenville, *for the Appellant,* cite:

*Marvin R. Watson, Esq., of Watson & Ayers,* Greenwood, *for Respondent* cites:

November 4, 1971.

Moss, Chief Justice:

This is an appeal by Tibitha Woods Harmon, from an order of the Honorable George Bell Timmerman, Jr., presiding judge, refusing to grant her a voluntary nonsuit pursuant to Circuit Court Rule 45.

It appears from the record that James Bynum Harmon and Jean J. Harmon, the respondents herein, were married on March 25, 1949, and two children were born of this marriage, and they are now 21 and 15 years of age, respectively. It further appears that James Bynum Harmon did on February 24, 1970, obtain a purported divorce from his wife, Jean J. Harmon, under a decree issued by a Mexican Court and on the same day entered into a purported marriage contract with the appellant at Laredo, Texas.

Tibitha Woods Harmon, the appellant herein, on December 16, 1970, commenced this action against James Bynum Harmon for a divorce, a *vinculo matrimonii,* under the provisions of Section 20-101(1) of the Code, as amended, alleging that the husband was committing adultery with his former wife.

James Bynum Harmon's answer was a general denial, and further alleged that the divorce that he obtained from Jean J. Harmon was a nullity and the Mexican Court had no jurisdiction to grant the same. He further alleged that the appellant induced him to obtain the divorce and marry her with full knowledge that the divorce and subsequent marriage were void. He asked that the court declare the

Mexican divorce and the Texas marriage to the appellant void.

Jean J. Harmon, the first wife, filed a petition and a motion with the lower court asking that she be made a party defendant in the said action. She alleges that she is the lawful wife of James Bynum Harmon and that she was not made a party of the Mexican divorce proceedings and did not submit herself to the jurisdiction of that court. She asserts that she has an interest in the matter in controversy. The judge of the lower court issued his order making her a party to the action.

Tibitha Woods Harmon appealed to this court from such order. The said appeal was filed and docketed in this court on April 12, 1971. We affirmed, holding that the trial judge properly exercised his discretion in making the first wife a party to the action. *Ex parte Harmon,* 256 S. C. 328, 182 S. E. (2d) 300.

The appellant, on February 24, 1971, served notice upon the respondents that she would move for a nonsuit in this action, pursuant to Circuit Court Rule 45. In an affidavit attached to such motion, she averred that she instituted this divorce action in December of 1970 and, subsequent thereto, on or about February 24, 1971, she and James Bynum Harmon reconciled their differences and were then living together as husband and wife in Greenville County, South Carolina.

After having heard the motion, the trial judge on March 18, 1971 issued his order denying the motion for a nonsuit under Circuit Court Rule 45 and holding that it was "proper in this action that the status of these parties be judicially determined and that this Court pass on all the issues involved as I feel that it is equitable to do so. By previous Order of this Court, I have also allowed the Defendant, Jean J. Harmon, to enter a counterclaim." This appeal followed from such order.

The single question for decision is whether the trial judge erred and abused his discretion in refusing to grant the mo-

tion of the appellant for a voluntary nonsuit, pursuant to Circuit Court Rule 45.

Circuit Rule 45 as to a voluntary nonsuit is as follows:

"(1) An action may be dismissed by the plaintiff without order of Court (i) by filing and serving a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the Court. Unless otherwise specified in the Order, a dismissal under this paragraph is without prejudice."

The appellant in asserting error on the part of the trial judge in refusing her motion for a voluntary dismissal of her divorce action relies upon the case of *Knopf v. Knopf*, 247 S. C. 378, 147 S. E. (2d) 638. In the cited case an action was brought by the husband for a divorce on the ground of the wife's desertion. Before issue was joined, the husband served a motion for an order of dismissal. Pending the hearing of this motion, the wife filed an answer in which she denied the allegation of the complaint on which the husband sought a divorce and asked for custody of the two children

of the marriage. The lower court refused the motion to dismiss the action and the husband appealed. We reversed and remanded the case for entry of an order of dismissal, saying:

"The rule in this State is that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendants. The trial Judge has no discretion with respect to the granting of such a motion unless and until legal prejudice is shown."

In *Case v. Case,* 243 S. C. 447, 134 S. E. (2d) 394, we held that a plaintiff wife seeking a divorce could dismiss her action so long as there was no showing that some peculiar right of the defendant or the public demanded otherwise.

It is the position of the respondent, Jean J. Harmon, that the law governing the granting of voluntary nonsuits in this State has been changed by the adoption, on May 13, 1969, of Circuit Court Rule 45 and the presiding judge now has more discretionary powers concerning the right of a plaintiff to dismiss or discontinue an action. We agree that the new rule vests discretionary power in the presiding judge which he did not have prior to the adoption of the rule. The rule provides that if a defendant has pleaded a counterclaim prior to the service of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication.

When Jean J. Harmon, the respondent herein, filed her petition to intervene in said action she alleged, *inter alia,* the following:

"(b) That the Petitioner is the lawful and legal wife of the Defendant, James Bynum Harmon, and that she has been unlawfully, maliciously and wilfully charged with adultery and that it is necessary that she be allowed to appear as party defendant to protect her good name in regard to this action.

"(c) That the Petitioner has a proper claim or interest in this controversy in that it is necessary that a complete determination of the Petitioner's marital status be deter-

mined by this Court which cannot be properly determined without a multiplicity of suits until and unless she is allowed to appear as a party defendant and be properly represented in this action.

"(d) That the Petitioner should be allowed to appear as a party defendant to protect her rights as the legal and lawful wife of the Defendant in that upon information and belief, Petitioner alleges that one suit prior to this suit has been instituted by the Plaintiff which was dropped or dismissed at the request of the Plaintiff.

"(e) That Petitioner has been charged with adultery with her own lawful husband. That she has never been served with any proceeding for divorce by her husband nor has she submitted to any jurisdiction for divorce in any Court and further Petitioner verifies that she has not filed for divorce against her husband since their marriage.

"(f) That it is equitable that this Petitioner be allowed to intervene and become a party defendant because Plaintiff went through a purported marriage with the Defendant knowing of all circumstances of the void divorce and the Petitioner was the lawful and legal wife of the Defendant."

The Court may refuse to allow a dismissal or a discontinuance of an action where to grant the motion would result in prejudice to the defendant, or where an important issue is raised that should, as a matter of public policy, be speedily and finally adjudicated. 24 Am. Jur. (2d), Divorce and Separation, Section 342, p. 484.

A motion to voluntarily dismiss a matrimonial action has frequently been denied where the action sought to be dismissed attacked the legality of the original marriage between the parties or questioned the validity of a subsequent marriage by the opposing party. 16 A. L. R. (3d), Section 28, p. 343.

Cited in support of the foregoing is the case of *Winans v. Winans,* 124 N. Y. 140, 26 N. E. 293. In the cited case the trial judge's denial of plaintiff wife's motion for leave to discontinue her suit for divorce was sustained, where the

court, affirming a judgment in defendant husband's favor, rejected the contention that plaintiff had an absolute right to discontinue at any stage in the action, which the court, although able to attach conditions to it, was without authority to prevent. The wife's action for divorce was predicated on the ground of adultery. Defendant answered denying that he was ever married to plaintiff. It appeared that the correspondent in the adultery named in plaintiff's petition was a person whom defendant had married and had lived with for a number of years as husband and wife. After the evidence had been taken in the matter, plaintiff wife moved to discontinue and such motion was denied. Holding that an application for leave to discontinue is addressed to the discretion of the court, the court said that the ordinary rule applicable in civil actions did not govern the case, since in matrimonial actions the parties are not permitted that degree of control which they may exercise over suits generally. Pointing out that the very marriage itself had been denied in defendant's case, the court said that the public had an interest in the prompt disposition of such questions and since the legitimacy of defendant's marriage to the alleged correspondent in adultery and the legitimacy of his children was in question, the situation required the exercise of discretion on the trial judge's part, which had not been abused.

In the Rhode Island case of *Todisco v. Todisco,* R. I., 247 A. (2d) 83, it was held that request for leave to discontinue a divorce action is addressed to the court's discretion, which should be exercised in favor of movant save upon showing that exceptional circumstances will impair rights of opposing parties or of other interested person.

Where a divorce was sought on the ground of adultery or similar discreditable conduct, the courts have sometimes held that the right to voluntarily dismiss should be denied on the ground that the particular party charged should be given an opportunity to clear his name. 16 A. L. R. (3d), Section 29, p. 345. In *Schwindt v. Schwindt,* 42 Pa. Co. Ct. R. 250, affd. 66 Pa. Super. 217, it was held that where the legality of a marriage is attacked or where there is a charge

of adultery, an application for voluntary discontinuance of a divorce proceeding will be disallowed. Stating that discontinuance is a matter of discretion with the court, the court pointed out that plaintiff husband had made no withdrawal of the substance of his charges against his wife and said that if discontinuance were allowed, she would have no opportunity to offer evidence to refute them.

The courts have frequently taken the position that a party claiming relief in a matrimonial action may not, by voluntarily dismissing his claim, deprive the opposing party of affirmative relief to which the latter is entitled and a claim for which has been properly asserted. 16 A. L. R. (3d), Section 32, p. 354, and the cases there cited.

It is perfectly apparent from the record that the respondent, Jean J. Harmon, intended to file a cross-demand for affirmative relief in the particulars set forth in her petition to intervene as a party to this action. She invoked Sections 20-41 and 20-42, asking for adjudication of the validity of her marriage to James Bynum Harmon and for a declaration that his alleged divorce in a Mexican court was invalid and, therefore, his purported marriage to the appellant was void.

The vital question here is whether the respondent will suffer prejudice by the granting of the motion of the appellant for a voluntary nonsuit or dismissal. After due consideration of the entire record, the situation of the parties, the questions involved, we do not think there can be any doubt that it would work a hardship and be unduly prejudicial to the respondent to permit the discontinuance of this action over her objection.

We find no abuse of discretion or error of law on the part of the trial judge in denying the motion of the appellant.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.