## 20055

Leroy JONES and Vivian Jones, Respondents, v. THOMAS AND HILL, INC., Appellant

(216 S. E. (2d) 871)

thereof.

*David R. Ratchford, Esq.,* of *Ratchford and Eleazer,* Columbia, for *Appellant*

*R. Davis Howser, Esq.,* of *Whaley, McCutchen and Blanton,* Columbia, *for Respondent,*

July 9, 1975.

LEWIS, Justice:

This action for fraud and deceit resulted in a verdict in plaintiffs' favor for $5,000.00, actual damages, which was subsequently reduced to $4,000.00 by the trial judge upon defendant's motion for a new trial *nisi*. Plaintiffs are husband and wife and obtained a mortgage loan from defendant to refinance an existing indebtedness against their property. This action arose out of the alleged failure of defendant to have issued, as promised, a policy of life insurance to secure the payment of any remaining indebtedness in the event of the death of the husband, the mortgagor. The misrepresentation, upon which the action was based, was allegedly made by the attorney who closed the loan and supervised the execution of the necessary papers. This appeal is from the refusal of the trial judge to grant defendant's motions for a nonsuit and directed verdict, and following the trial, a motion for judgment notwithstanding the verdict or, in the alternative for a new trial.

Defendant-appellant states the questions involved as follows:

(1) Was there any evidence to prove the existence of an agency relationship between the defendant and the person making the alleged misrepresentation?

(2) Was there any evidence of actionable fraud?

(3) Was the verdict, as reduced by the trial judge excessive?

The parties concede that the alleged misrepresentation concerning life insurance was made by the attorney who closed the loan. Defendant contends that there was no evidence to sustain an inference that the attorney was its agent in the transaction and, therefore, the trial

judge erred in refusing to grant the motion for a directed verdict on that ground.

The question of agency is one of fact, and, if there was any dispute in the evidence thereabout, the trial judge was required to submit the issue to the jury for determination.

There was testimony that, after the loan was approved, defendant directed plaintiffs to go to a certain office to close the loan and, upon arrival, learned for the first time that it was an attorney's office. At no time was the employment of an attorney discussed with plaintiffs and he was selected solely by defendant. At the defendant's sole direction, the attorney prepared the papers and secured their execution. The loan was closed by the attorney in accordance with detailed instructions given by defendant, which included, among others, collection of $5.00 for defendant for photographs; inquiry of plaintiffs concerning hazard insurance; securing execution of statement pursuant to Consumer Credit Protection Act, which included a question concerning credit life insurance; and securing a statement that all repairs were complete and satisfactory.

While there is testimony that the attorney's fees were paid by plaintiffs by deducting the amount thereof from their loan, which would sustain an inference that the attorney was the agent of plaintiffs, the other facts and circumstances afford the basis for a reasonable inference that the attorney was acting as the agent of the defendant in making the alleged statements concerning credit life insurance.

The trial judge, therefore, properly submitted the question of agency to the jury for determination.

The second question was not presented in the lower court as one of the grounds for the motion for a directed verdict, and, therefore, will not be considered. *Southern Railway Co. v. Wilkinson Trucking Co.*, 243 S. C. 150, 132 S. E. (2d) 491.

The third question involves the claim that the verdict was excessive and that the trial judge erred in failing to further reduce the amount thereof.

The jury returned a verdict for $5,000.00 actual damages, which was reduced to $4,000.00 upon defendant's motion for a new trial because of excessiveness. The order of the trial judge stated that the ground of the post trial motions before him, relating to damages, was: "2. That the verdict of the jury was excessive and should be reduced." The exception on appeal, raising this question, states:

3. The Court erred in refusing to reduce the verdict below four thousand and no/100 ($4,000.00) dollars in that the verdict was excessive in view of the amount of actual damages which were proved by the plaintiffs and the disallowance of punitive damages by the trial judge.

The question relating to damages was stated in the brief as follows: "Was the damage award of four thousand and no/100 ($4,000.00) dollars excessive in view of the actual damages proved by the plaintiffs?"

The foregoing challenge to the amount of the verdict is clearly limited to the claim that the verdict was unduly liberal and should be reduced. A motion to set aside a verdict upon the ground that it was excessive or unduly liberal is addressed to the sound discretion of the trial judge and his discretion in such case is not reviewable and will not be set aside, unless the appeal record discloses and warrants the conclusion, as a matter of law, that he manifestly abused the discretionary power exclusively vested in him to grant a new trial on account of matters of fact. *Gray v. Davis,* 247 S. C. 536, 148 S. E. (2d) 682.

Plaintiffs' damages were based upon testimony showing the difference in cost of a life insurance policy, if procured by defendant in connection with the closing of the loan, and the cost when plaintiffs later attempted to procure such a policy through other sources. The testimony showed that if defendant had secured the policy, as promised, the premiums would have been approximately $100.00 per year. The loan was secured by a thirty (30) year mortgage.

When plaintiff later found that he had no life insurance to secure the payment of his loan, he attempted to procure such insurance from two insurance companies but found that the annual premium would range from approximately $450.00 to $550.00. The difference in cost of the insurance protection over the thirty (30) year period would have been over $10,000.00.

Plaintiff was entitled to recover such damages as will compensate him for the loss sustained and place him, as nearly as possible, in the same position he would have occupied had the defendant secured the insurance policy as promised. *Daniels v. Coleman,* 253 S. E. 218, 169 S. E. (2d) 593.

The verdict was reduced by the trial judge in the exercise of his discretion. We find no basis upon which to disturb the judgment as approved.

However, appellant does not argue, in its brief, that the verdict is unduly liberal but takes the position that there was no evidence to sustain an award of damages in any amount and that the verdict is, for that reason, excessive. In other words, appellant attempts to set aside the verdict entirely under an exception merely charging that the award was excessive. It is argued that there can be no damage to plaintiff unless he dies before the mortgage loan is paid and, since the mortuary tables show that plaintiff will outlive the thirty (30) year mortgage, there will probably never be any damage, thereby rendering any present award for damages purely speculative. This position overlooks the established principle, stated in *Elliott v. Black River Electric Cooperative,* 233 S. C. 233, 104 S. E. (2d) 357, that:

"A motion for a new trial *nisi* because of excessiveness of the verdict contemplates not the striking down of the verdict *in toto,* but remission of part of it and the granting of a new trial in default thereof. Such a motion is founded on the contention that the verdict was not inherently unlawful, but was, under the facts of the case, unduly liberal; . . .."

Assuming however that the issue sought to be raised is properly before the Court, it could not be sustained.

Plaintiff had a right to the promised insurance protection at the then cost of procuring it. He has been deprived of that right by the failure of defendant to do as promised. The fact that plaintiff may live until the mortgage is paid and will not have to rely upon insurance coverage to pay the balance does not render the fact of damage speculative or preclude recovery in this case. The payment of a larger premium for the insurance protection to which he was entitled forms the basis for the claim for damages. There is no speculation as to the fact of damage or the cause. See: 22 Am. Jur. (2d), Damages, Section 24.

The fact that it cannot now be determined with mathematical certainty how long these increased premiums will be paid affects the amount and not the fact of damages, and does not 'preclude their assessment and recovery. The general principle is thus stated in 22 Am. Jur. (2d), Damages, Section 25:

". . ., it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery or prevent a jury decision awarding damages. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances, all that can be required is that the evidence—with such certainty as the nature of the particular case may permit—lay a foundation which will enable the trier of facts make a fair and reasonable estimate of the amount of damage."

The foregoing principle was stated in *Powers v. Calvert Fire Insurance Company,* 216 S. C. 309, 57 S. E. (2d) 638 as follows:

"However, perplexity attending the determination of the question of amount of damages rarely, if ever, defeats a

cause of action. In such cases, courts ordinarily depend upon the wisdom and fairness of the good men and true who compose the jury . . .."

The evidence in this case showed the period covered by the mortgage, the increase in the cost of insurance resulting from defendant's failure to do as promised, the age of the plaintiff, the mortuary tables showing life expectancy, and the physical condition of the plaintiff. These circumstances afforded the jury a basis upon which to make a reasonable estimate of the amount of the damage.

The contention that the trial judge erred in refusing to further reduce the amount of the verdict or to set it aside is without merit and is overruled.

The judgment is, accordingly, affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.