22355

Christine NEWMAN, Appellant, v. OLD WEST, INC., Dry Gulch Saloon, Inc., Estelle Ragin, individually and as sole officer of Old West, Inc., Dry Gulch Saloon, Inc., and Ronald Hubbard, Respondents.

(334 S. E. (2d) 275)

Supreme Court

*H. Wayne Floyd,* West Columbia, *for appellant.*
*David A. Fedor,* Columbia, *for respondents.*

Heard May 20, 1985.

Decided Aug. 5, 1985.

LITTLEJOHN, Chief Judge:

. This breach of contract action was brought by Christine Newman, Plaintiff-Appellant, on June 7, 1982, against Old West, Inc., *et al.,* Defendants-Respondents. Some nine months later on March 7, 1983, it was placed on the trial roster as being ready for disposition. On May 6, 1983, Plaintiff's attorney attended a pre-trial conference before the Honorable E. C. Burnett, III, Administrative Judge, in connection with another case that was pending in the same court. On Monday, May 9, 1983, counsel for Plaintiff and Defendants were notified that the case had reached the Common Pleas trial roster. On the morning of May 12, 1983, counsel for all parties were contacted by telephone and advised that they must come immediately to court as the case was called for trial.

The order of the administrative judge, here on appeal, which dismissed the action with prejudice, is as follows:

> This is an action for breach of contract, instituted by Christine Newman (Plaintiff) against Old West, Inc., Dry Gulch Saloon, Inc., Estelle Ragin and Ronald Hubbard (Defendants). Plaintiffs have moved for a voluntary non-suit, without prejudice, of the above cause. Motion denied, the above cause will be dismissed with prejudice.
>
> On Monday May 9, 1983, both parties, through counsel, were notified that the above case had reached the Common Pleas trial roster. On Thursday morning May 12, 1983, both parties, through counsel, were notified that the above case would be called for trial that afternoon. Defendants and eight (8) supporting witnesses, some of whom were from out of State, were present and prepared for trial. Also, Defendants attorneys and his staff were present and prepared for trial. Plaintiff's attorney was present but not prepared for trial.

Plaintiff has moved for a continuance pursuant to Circuit Court Rule 27. Plaintiff's motion, for continuance, is denied because Plaintiff has failed to show the absence of a material witness. Plaintiff has also moved for a continuance, pursuant to Circuit Court Rule 81. Plaintiff's motion for a Rule 81 continuance is denied because Plaintiff has failed to show good cause. Finally, Plaintiff has moved for a voluntary nonsuit pursuant to Circuit Court Rule 45. Defendant objects.

Where a discontinuance of an action will work a hardship and unduly prejudice the defendant a trial judge may deny the Plaintiff's motion to dismiss. *See Harmon v. Harmon* 257 S. C. 154, 184 S. E. (2d) 553 (1971). Clearly, the Plaintiff had sufficient notice that the above cause would be called for trial. Also, Defendants have expended significant sums of money to be present and prepared for trial.

Accordingly, I find that a discontinuance of the above cause will work a hardship and unduly prejudice the Defendants. Thus, I order that the above case be dismissed with prejudice.

AND IT IS SO ORDERED at Columbia, South Carolina on this, the 25th day of May, 1983.

Counsel for the Plaintiff has appealed submitting that the judge abused his discretion (1) in refusing to continue the case pursuant to Circuit Court Rule 27, and (2) in failing to grant the motion for a Rule 81 continuance, and (3) in refusing a motion for a voluntary non-suit pursuant to Circuit Court Rule 45 without prejudice.

All of these matters are addressed to the sound discretion of the trial judge and this Court will not reverse absent an abuse. When seeking a continuance based upon the absence of a material witness, the moving party must strictly comply with Circuit Court Rule 27. Counsel concedes that he did not comply with that Rule. The trial judge had no alternative but to deny the motion. We find no abuse of discretion.

Likewise, we find no abuse of discretion in the refusal by the judge to grant the Circuit Court Rule 81 motion which would have merely placed the case at the foot of the calendar. And in like fashion, the granting of a motion for

a voluntary non-suit without prejudice is a matter for the judge's discretion concerning which we find no abuse.

There was a day when counsel had much influence and/or control over the docket. This was conducive to delay, waste of judge time and waste of court time. Since the adoption of the new Judicial Article V to the South Carolina Constitution in 1973, a new system of operation has come into being such that in the interest of judicial economy and disposition of cases for all litigants, the administrative judge must have control of the trial docket. This is not to say that there cannot be an abuse of discretion. Unfortunately, docket control oftentimes demands that the administrative judge disregard to some degree the convenience of witnesses and litigants. The trial judge found ". . . that a discontinuance of the above cause will work a hardship and unduly prejudice the Defendants." We agree.

Counsel for the Plaintiff has attempted to show that he had good reason to believe that the case would not be called for trial if inconsistent with his taking of depositions in another case —that of *Sumpter v. Kawasaki.* An attempt is made to show by affidavits what took place relative to the matter of an apparent conflict between this trial and the taking of depositions in the other case. Although numerous affidavits are made a part of the record, we decline to make factual findings from conflicting and uncertain affidavits.

The order of the lower court is accordingly

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.

GREGORY, J., concurring and dissenting in separate opinion.

GREGORY, Justice (concurring in part; dissenting in part):

I concur in the majority opinion insofar as it affirms the lower court's denial of continuances under Circuit Court Rules 27 and 81 and a voluntary nonsuit without prejudice. However, I would hold the administrative judge abused his discretion in dismissing the action with prejudice, an issue not addressed in the majority opinion.

Appellant moved for continuances, and then a voluntary nonsuit without prejudice. The administrative judge denied

these, and *ex mero motu*, summarily dismissed the action with prejudice. In affirming, the majority finds no abuse of discretion in the denial of the motions for continuances and a voluntary nonsuit. I agree. The critical issue now is whether the administrative judge abused his discretion by summarily dismissing the action with prejudice after denying the motions. By its silence, the majority tacitly holds that he did not. I strongly disagree. Here, the granting of an involuntary nonsuit with prejudice was patently erroneous because it was not in response to the motions before him. A judge ought to limit his rulings to matters presented and not gratuitously grant relief neither sought nor appropriate.

After denying Newman's motions, the administrative judge should have ordered the case to trial. Although at a disadvantage, appellant's duty then was to proceed with the trial. If she failed to proceed, a dismissal with prejudice by the trial judge would have been proper.

I would reverse and remand for trial.