0868

PRIME MEDICAL CORPORATION, Appellant v. FIRST MEDICAL CORPORATION, Thomas J. DeCaro and Robert P. Schofield, Jr., Respondents.

(353 S. E. (2d) 294)

Court of Appeals

*Jay Bender* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant.*

*William L. Pope* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondents.*

Heard Dec. 9, 1986.

Decided Feb. 2, 1987.

GOOLSBY, Judge:

The dispositive issue in this action for breach of contract against the respondents First Medical Corporation, Robert P. Schofield, Jr., and Thomas J. DeCaro ("First Medical"), is whether the administrative judge abused his discretion in denying the appellant Prime Medical Corporation's motion for a voluntary dismissal without prejudice. We hold that he did so and reverse and remand for entry of an order of voluntary dismissal without prejudice.

Prime Medical filed a summons and complaint against First Medical for breach of a contract to form a third corporation. First Medical timely answered.

On December 27, 1984, Prime Medical filed a motion for a voluntary dismissal without prejudice. The motion was heard on December 28, 1984. The administrative judge denied the motion solely because counsel for First Medical "indicated they were ready and prepared to go to trial." The administrative judge then set the case for trial for January 14, 1985.

The case went to trial. At the close of testimony, the trial judge directed a verdict in First Medical's favor. Prime Medical now appeals contending, among other things, that the administrative judge abused his discretion in failing to grant its motion for a voluntary dismissal without prejudice.

At the time the administrative judge denied Prime Medical's motion, Circuit Court Rule 45(2), which is identical to Rule 41(a)(2) of the new South Carolina Rules of Civil Procedure, was in effect. Circuit Court Rule 45(2) provides in part that "an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper."

In *Gulledge v. Young*, 242 S. C. 287, 130 S. E. (2d) 695 (1963), a case that preceded the adoption of Circuit Court Rule 45(2), the Supreme Court commented on the rule in this state regarding voluntary dismissal:

> The rule in this State is that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendants. The [hearing] Judge has no discretion with respect to the granting of such a motion unless and until legal prejudice is shown. In that event, the matter becomes one of discretion for the [hearing] Judge.

242 S. C. at 291, 130 S. E. (2d) at 697.

The first case interpreting Rule 45(2), *Harmon v. Harmon*, 257 S. C. 154, 184 S. E. (2d) 553 (1971), holds that the "rule vest[ed] discretionary power in the [hearing] judge which he did not have prior to the adoption of the rule." 257 at 158, 184 S. E. (2d) at 555. The court noted that a hearing judge may refuse to allow a dismissal where to grant it either would result in prejudice to the defendant or where important issues of public policy need to be finally adjudicated. *Id.*

In the instant action, the record does not reflect that, when the administrative judge entertained Prime Medical's motion for a voluntary dismissal without prejudice, First Medical showed either that it would suffer legal prejudice if the administrative judge granted the motion or that important questions of public policy required prompt disposition of the case. On appeal, First Medical defends the administrative judge's action in denying Prime Medical's motion by simply arguing that the Supreme Court recognized in *Newman v. Old West, Inc.*, 286 S. C. 394, 334 S. E. (2d) 275 (1985), and in *Crout v. South Carolina National Bank*, 278 S. C. 120, 293 S. E. (2d) 422 (1982), that Circuit Court Rule

45(2) allows a hearing judge to exercise discretion in determining the question of whether to grant a plaintiff's motion for a voluntary dismissal without prejudice.

We agree that a hearing judge has discretion in deciding a motion for a voluntary dismissal without prejudice; however, this discretion should be exercised with regard to the interests of the parties and the public, as was noted in *Harmon*.

The judge in *Newman* specifically found that a discontinuance would work a hardship and unduly prejudice the defendants. In *Newman*, the plaintiff waited until the morning of the day set for trial to move for a dismissal. The defendants and eight supporting witnesses, some of whom were from out of state, were present and prepared for trial. The judge found these facts and the fact that the defendants had expended large sums of money preparing for trial significant in finding prejudice to the defendants. The Supreme Court found no abuse of discretion.

In *Crout*, the Supreme Court affirmed the denial of a plaintiff's motion for a voluntary dismissal without prejudice. There, a pretrial conference had been held, the plaintiff had announced at the pretrial conference that he was ready for trial, the case had been set for trial, the case had been pending for a year and a half, depositions had been taken, summary judgment had been entered resulting in a remand, the plaintiff announced he wanted a voluntary dismissal only five days prior to trial, and the only reason given for the motion was that the plaintiff wanted to add as a party an agent of the defendant, the defendant's attorney. As in *Newman*, the Supreme Court found no abuse of discretion by the judge entertaining the dismissal motion.

Rule 41(a)(2) of the Federal Rules of Civil Procedure is identical to Circuit Court Rule 45(2). Under the federal rule, the district court has discretion in deciding a motion for a voluntary dismissal without prejudice and it will permit a dismissal without prejudice unless the defendant will suffer substantial prejudice if the motion is allowed. *See* 5 J. MOORE, J. LUCAS, AND J. WICKER, MOORE'S FEDERAL PRACTICE § 41.05[1] at 41-62, 63 (2d ed. 1986) (where substantial prejudice is lacking, the district court should exercise its discretion by granting the motion for a volun-

tary dismissal without prejudice, citing *Burgess v. Atlantic Coast Line R. Co.*, 39 F.R.D. 588 (D.S.C. 1966) and *Eaddy v. Little*, 234 F. Supp. 377 (E.D.S.C. 1964) ).

Both the Supreme Court, applying Rule 41(a)(2) of the new rules, and this court, applying Circuit Court rule 45(2), have recently reasserted the rule set forth in *Gulledge* that "a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right, unless there is a showing of legal prejudice to the Defendant." *Moore v. Berkeley County*, 290 S. C. 43, 44, 348 S. E. (2d) 174, 175 (1986), quoting *Marlow v. Marlow*, 284 S. C. 155, 325 S. E. (2d) 703 (Ct. App. 1984). The showing of legal prejudice must be made by the defendant. *See Walker v. Jones*, 269 S. C. 19, 21, 235 S. E. (2d) 810, 810 (1977) ("The party opposing the motion for [a] voluntary nonsuit without prejudice must show prejudice (i.e., 'legal' prejudice) to successfully defeat the motion.").

As the party opposing the motion for a voluntary dismissal without prejudice, First Medical failed to carry its burden of showing legal prejudice. The only reasons appearing in the record for the administrative judge to deny the motion were that the case was the oldest on the docket and that First Medical was ready for trial. These reasons, absent a showing of substantial prejudice to First Medical or of the presence in the case of important issues of public policy, were not sufficient to deny Prime Medical's motion for a voluntary dismissal without prejudice. *Cf.* 5 J. MOORE, J. LUCAS, AND J. WICKER, MOORE'S FEDERAL PRACTICE § 41.05[1] at 41-53 to 57 (2d ed. 1986) (instances in which a federal district court refused to grant a voluntary dismissal without prejudice). The administrative judge, therefore, abused his discretion in denying Prime Medical's motion for a voluntary dismissal without prejudice.

We find it unnecessary to address either First Medical's additional sustaining grounds or Prime Medical's remaining arguments, all of which go to the merits of the case, since we hold that Prime Medical's motion for a voluntary dismissal without prejudice should have been granted.

Accordingly the judgment below is

Reversed and remanded.

BELL and CURETON, JJ., concur.