1065

John Edward JARRELL, Respondent v. SEABOARD SYSTEMS RAIL-ROAD, INC., Appellant.

(363 S. E. (2d) 398)

Court of Appeals

*Wm. Howell Morrison*, of *Holmes & Thomson*, Charleston, *for appellant.*

*Clyde A. Eltzroth, Jr.*, of *Peters, Murdaugh, Parker, Eltzroth & Detrick*, Hampton, *for respondent.*

Submitted Nov. 18, 1987.

Decided Dec. 14, 1987.

SHAW, Judge:

Respondent, John Edward Jarrell, brought an action against appellant Seaboard Systems Railroad, Inc. (hereinafter Seaboard) seeking damages for personal injuries. Seaboard appeals from an order of the trial court granting Jarrell a voluntary non-suit without prejudice, denying Seaboard's request to place conditions on the voluntary non-suit and allowing up to $150 in costs for Seaboard. We affirm.

On March 31, 1985, Jarrell initiated this action for personal injuries arising out of a collision between Jarrell in his automobile and one of Seaboard's trains. Jarrell's complaint alleged personal injury only and specifically limited damages to ($10,000).

On June 5, 1986, Jarrell served Seaboard with interrogatories which remained unanswered until September 18, 1986. The case was called for trial the week of September 22, 1986. At the pretrial conference on September 22, 1986, Seaboard raised the matter of the amount in controversy and informed the court proof of damages in excess of ($10,000) could result in midtrial removal of the diversity case to federal court. Jarrell moved to disallow the use of Seaboard's witnesses listed in the answers to interrogatories since he had received them four days prior to the conference. At the trial judge's suggestion, Seaboard brought crew

members to town for depositions. During the depositions, Jarrell learned the train engineer resided in South Carolina rather than Georgia as Seaboard had stated in its answers to interrogatories. The trial judge protected the case from trial until September 24, 1986 while depositions were taken.

On September 23, 1986, Jarrell moved for a voluntary non-suit without prejudice in order to join the train engineer and increase the prayer for damages. Seaboard's attorney was out of the office that day but a message was left with his secretary regarding Jarrell's intention to take a non-suit and increase his prayer for damages. Seaboard's attorney later called Jarrell's attorney and was advised the judge had released the jury panel for that term. On September 24, 1986, Seaboard's attorney brought his witnesses to town for trial and requested to be heard on the record regarding the procedure. He requested costs, attorney's fees and the non-suit be granted only on the conditions that no more discovery take place and Jarrell not be allowed to refile alleging property damage. The trial judge granted the voluntary non-suit without prejudice, refused to place conditions on the non-suit and left open the issue of costs up to $150.

Seaboard argues the trial court abused its discretion in granting the voluntary non-suit without prejudice since it was granted in an *ex parte* hearing and Seaboard was denied the opportunity to show legal prejudice. This argument is without merit. Seaboard's attorney appeared on September 24, 1986 and was fully heard on his opposition to the non-suit. It was at this hearing the trial judge granted the non-suit and denied the conditions.

Seaboard also claims the trial court abused its discretion in granting the non-suit because of the legal prejudice Seaboard would suffer. South Carolina Rules of Civil Procedure 41 deals with the dismissal of actions. Rule 41(a)(2) provides, in part, ". . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." This court recently held, in applying Rule 41(a)(2), "a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right, unless there is a showing of legal prejudice to the Defendant." *Prime Medical Corp. v. First Medical Corp.*, 291 S. C. 296, 353 S. E. (2d) 294 (Ct. App. 1987).

Seaboard alleges it will be subjected to substantial legal prejudice as a result of the granting of the non-suit. Specifically, it points to the revival of Jarrell's property damage claim, loss of discovery advantage, and a subsequent lawsuit claiming ten times the monetary relief previously sought.

We first note that the initial suit was apparently limited to the personal injury claim and $10,000 in order to keep the suit in state court. Upon learning the engineer was actually a resident of South Carolina and not Georgia as Seaboard had claimed, Jarrell's attorney realized he could include the claim for property damage, increase the prayer, and join the engineer as a defendant to defeat diversity. Had Seaboard properly answered Jarrell's interrogatories and had it done so in a timely manner, discovery would not have been hampered and Jarrell would have had ample opportunity to amend his complaint. Seaboard argues an amendment of pleadings would not be that simple. While Jarrell may have been required to move before the court to amend his pleadings under S. C. R. C. P. 15(a), this rule strongly favors amendments and the court is encouraged to freely grant leave to amend. See H. Lightsey, J. Flanagan, *South Carolina Civil Procedure,* 288 (2nd Ed. 1985). Further, the court could have granted Jarrell a motion for voluntary non-suit without prejudice under S. C. R. C. P. Rule 37(d) for Seaboard's failure to answer interrogatories.

Finally, a party opposing a motion for a voluntary non-suit without prejudice must show legal prejudice beyond the possibility of defending another suit. *Walker v. Jones,* 269 S. C. 19, 235 S. E. (2d) 810 (1977). Under the circumstances of this case, Seaboard has completely failed to show any legal prejudice and the trial court properly granted the voluntary non-suit without prejudice.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.