22989

The STATE, Respondent v. Wayne Garvin BAILEY, Appellant.

(377 S. E. (2d) 581)

Supreme Court

*Stephen John Henry*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore, Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. Joseph J. Watson*, Greenville, *for respondent.*

Heard April 19, 1988.

Decided March 13, 1989.

TOAL, Justice:

Appellant was convicted of burglary in the first degree, discharging a firearm into a dwelling, grand larceny, and malicious injury to real property. Appellant was sentenced to ten years for burglary, and concurrent one year sentences for the other offenses. For the following reasons, we affirm the conviction.

This action involves a family dispute. The appellant, Wayne Bailey, is the brother of the victim, Rex Bailey. On the morning of April 17, 1986, Rex and the appellant had an argument at their parents' home. Later that day, Rex discovered that someone had "shot up" his house and pick-up truck. Additionally, Rex found at least one shotgun missing from his house. Rex gave a statement to the police implicating the appellant, his brother, in the crime.

The appellant first alleges that the trial court erred in allowing the State to impeach their own witness, Rex Bailey, by having the solicitor read the witness' prior inconsistent statement to the jury when the witness refused to testify consistently with the statement he gave to the police. Prior to the commencement of the trial, the appellant's counsel notified the solicitor by letter that Rex would not testify consistently with his statement. At trial, the State acknowledged that Rex planned to testify inconsistently with his statement, but decided nonetheless to call him as a witness in their case in chief. When Rex testified that he did not remember what happened on April 17th, the State handed the statement to the witness to "refresh" his memory. The solicitor requested that Rex read the statement to the jury. When Rex persistently interspersed additional testimony into the statement, the Court directed the solicitor to publish the statement. The solicitor then published the statement to the jury.

It is well established in South Carolina that the State may not impeach its own witness through a prior inconsistent statement. *State v. Sloan*, 278 S. C. 435, 298 S. E. (2d) 92 (1982); *State v. Ellefson*, 266 S. C. 494, 224 S. E. (2d) 666 (1976). The reasons underlying the rule are, first, that the party by calling the witness to testify vouches for the trustworthiness of the witness, and second, that the power to impeach is the power to coerce the witness to testify as desired, under the implied threat of blasting the character of the witness if the witness does not. *McCormick on Evidence*, § 38 (E. Cleary 3d Ed. 1984).

The general prohibition against impeaching one's own witness is subject to an exception. The State may impeach its own witness when the witness proves hostile or recalcitrant. *State v. Bendoly*, 273 S. C. 47, 254 S. E. (2d) 287 (1979). In *Bendoly*, the Court concluded that a

witness may not be declared hostile except upon a showing of both actual surprise and harm. 254 S. E. (2d) at 288.

Recently, in *State v. Hamlet*, 294 S. C. 77, 362 S. E. (2d) 644 (1987), this Court reversed the trial court, holding that absent a showing of surprise by the State, or finding of surprise by the trial judge, the State could not impeach its own witness. In *Hamlet*, a co-defendant gave a statement to the police, implicating the appellant in a break-in. At trial, the co-defendant testified that the appellant was not involved in the crime. The State then interrogated him concerning his statement to the police. The Court held that the State impermissibly impeached its own witness.

Like *Hamlet*, in the present case, the State failed to show that the witness, Rex Bailey, was hostile. The State, in order to have a witness declared hostile, must show actual surprise and harm. Here, the State conceded that they knew Rex Bailey would testify inconsistently with his previous statement, but decided to call him as their witness. Since the State knew that Rex Bailey planned to change his statement through his testimony, the State could not demonstrate surprise when Mr. Bailey actually testified inconsistently with his statement. Absent a showing of surprise, the trial court erred in allowing the State to impeach Rex Bailey.

Even though the trial court erred in allowing the State to impeach their own witness, we find that the error was harmless in light of the other competent evidence in the record. Rex's neighbor testified that she saw a red and white pick-up truck with no license tag parked at Rex's house on April 17. At the time the truck was parked at the house, the neighbor also saw a tall man firing shots into Rex's house and pick-up truck. The man then left in the red and white pick-up truck. Rex testified that the appellant drove a red and white pick-up truck. When the appellant was stopped by the police, he was driving a red and white pick-up truck without any license plate. Appellant further testified that no one had borrowed his truck on April 17. Moreover, the police discovered the shotgun which Rex reported stolen in the appellant's truck the day after the theft. Finally, the appellant, while in police custody, told an officer that "this was a family matter, and the police should not be involved."

When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the Court should not set aside a conviction because of insubstantial errors not affecting the result. *State v. Livingston,* 282 S. C. 1, 317 S. E. (2d) 129 (1984). We conclude that the record contains sufficient competent evidence to support the appellant's conviction, and thus, the trial court's error in allowing the State to impeach its own witness was harmless.

The appellant further contends that the trial court abused its discretion by denying his motion for a continuance because two alibi witnesses could not be located prior to the rescheduled trial date.

The decision to grant or deny a continuance request is within the sound discretion of the trial court. *Newman v. Old West, Inc.,* 286 S. C. 394, 334 S. E. (2d) 275 (1985). Absent an abuse of discretion, the decision of the trial court will be upheld. *State v. Gosnell,* 262 S. C. 345, 204 S. E. (2d) 391 (1974).

Here, two witnesses testified to appellant's alibi defense. Any additional testimony concerning the appellant's alibi would have been cumulative. See, *State v. Hicks,* 257 S. C. 279, 185 S. E. (2d) 746 (1971). Because the appellant was not prevented from presenting an alibi defense, and since any testimony by additional alibi witnesses would have been cumulative, the trial judge did not abuse his discretion in denying the appellant's motion for a continuance.

The appellant next argues that the value of the shotgun taken from Rex's house was less than two hundred ($200.00) dollars. The appellant contends that the trial court erred in denying the post-trial motion for arrest of judgment because the value did not exceed two hundred ($200.00) dollars.

The record, however, contains no evidence that the appellant moved for either a directed verdict or an arrest of judgment. At the conclusion of the trial, the Court inquired whether there were any motions. The appellant replied, "standard motions," and then raised the motion for a continuance. A party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal. *Easterlin v. Green,* 248 S. C. 389, 150 S. E. (2d) 473

(1966). Having failed to raise this issue at trial, appellant waived his right to argue it on appeal.

Likewise, appellant next asserts that the trial judge should have directed a verdict on the burglary charge because the State failed to prove a breaking. The appellant, however, also failed to preserve this objection at trial, and thus, waived it on appeal. *Jones v. Thomas and Hill, Inc.*, 265 S. C. 66, 216 S. E. (2d) 871 (1975).

Therefore, the conviction of the appellant, Wayne Garvin Bailey, is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.