THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Henry Leon
Settles,        Appellant.
 
 
 

Appeal From McCormick County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-256
Submitted February 23, 2004  Filed 
 April 15, 2004   

AFFIRMED

 
 
 
C. Rauch Wise, of Greenwood, for Appellant,
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David A. Spencer, of Columbia; and Solicitor Donald 
 V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Affirmed pursuant to South 
 Carolina Rules of Appellate Practice, Rule 220, and the following authorities:  
 As to Issue I:  State v. Prioleau, 345 S.C. 404, 411, 548 S.E.2d 
 213, 216 (2001) (stating that a party may not argue one ground at trial and 
 an alternate ground on appeal.);  see State v. Smalls, 336 S.C. 
 301, 519 S.E.2d 793 (1999) (The true test of an indictments validity is not 
 whether it could be made more definite and certain, but whether it contains 
 the necessary elements of the offense intended to be charged and sufficiently 
 apprises the defendant of what he must be prepared to meet.); see also 
 State v. Gunn, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993) (stating that 
 the sufficiency of the indictment must be determined by viewing it with a practical 
 eye in view of the surrounding circumstances).  
 As to Issue II:  Wilder Corp. 
 v. Wilke, 330 S.C. 71, 497 S.E.2d 731 (1998) (finding that in order to preserve 
 an issue for appeal, specific grounds in support of the objection must be clearly 
 stated); see State v. Bailey, 298 S.C. 1, 377 S.E.2d 581 (1989) 
 (noting that merely stating the standard motions are being made fails to preserve 
 the issue for appeal); see also State v. Harry, 321 S.C. 
 273, 468 S.E.2d 76 (Ct. App. 1996) (stating that for an appellate court to consider 
 issues raised in a directed verdict motion made, the motion must be renewed 
 at the close of all evidence); see also Harkins v. Greenville 
 County, 340 S.C. 606, 533 S.E.2d 886 (2000) (stating that Appellant has 
 the burden of presenting a sufficient record upon which this Court can render 
 a decision).  
AFFIRMED. 
GOOLSBY, HOWARD, and KITTREDGE, JJ., 
 concur.