THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Kristal
 Cordelia Jenrette, Appellant.
 
 
 
 
 

Appeal From Horry County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2010-UP-275
Submitted May 5, 2010  Filed May 19, 2010

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Michelle Parsons Kelley, all
 of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: Kristal Cordelia Jenrette appeals her convictions for
 two counts of trafficking in crack cocaine in an amount more than ten grams but
 less than twenty-eight.  On appeal, Jenrette contends the trial court erred in
 (1) denying her motion for a trial severance and (2) denying her motion for a
 directed verdict. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:
1. As to whether the trial court erred in denying Jenrette's
 motion for a trial severance: State v.
 Tucker, 324 S.C. 155, 164, 478 S.E.2d
 260, 265 (1996) (stating a motion for severance is addressed to the trial
 court and should not be disturbed unless an abuse of discretion is shown); State
 v. Simmons, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) ("Where
 the offenses charged in separate indictments are of the same general nature
 involving connected transactions closely related in kind, place and character,
 the trial judge has the power, in his discretion, to order the indictments
 tried together if the defendant's substantive rights would not be prejudiced.").
2. As to whether the trial court erred in denying Jenrette's motion for a directed
 verdict: State v. Kennerly, 331 S.C. 442, 455, 503 S.E.2d 214,
 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict,
 issues not raised to the trial court in support of the directed verdict motion
 are not preserved for appellate review."); see also State v.
 Bailey, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("A party cannot
 argue one ground for a directed verdict in trial and then an alternative ground
 on appeal.").  
AFFIRMED. 
KONDUROS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.