**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William Guy Shumpert, Appellant.

Appellate Case No. 2017-001713

---

Appeal From Berkeley County
John C. Hayes, III, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-343
Submitted September 1, 2019 – Filed October 9, 2019

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General Vann Henry Gunter, Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** William Shumpert appeals his conviction of two counts of attempted murder and one count of possession of a weapon during the commission

of a violent crime. On appeal, he argues the trial court erred in denying his motion for directed verdict because the defense of legal impossibility applied; the State did not submit evidence to establish his specific intent to kill; and the possession of a weapon charge could only proceed if the attempted murder charges proceeded. Viewed in the light most favorable to the State, the State presented direct evidence of Shumpert's specific intent to kill. *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. King*, 422 S.C. 47, 70, 810 S.E.2d 18, 30 (2017) (holding that the requisite *mens rea* for a charge of attempted murder is specific intent to kill). Specifically, the victims testified Shumpert pointed a loaded gun at them, shouted "I'm going to kill you. I'm going to kill you," and pulled the trigger repeatedly. Although Shumpert contends the gun was inoperable, an expert in guns and tool marks testified the gun could have fired. Thus, the trial court properly denied Shumpert's motion for directed verdict.[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS, and HILL, JJ., concur.**

---

[1] Shumpert's argument regarding the defense of legal impossibility is not preserved for appeal. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("A party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.