**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Roger D. Grate, Appellant.

Appellate Case No. 2019-000472

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-384
Submitted October 1, 2021 – Filed November 3, 2021

———————————

**AFFIRMED**

———————————

Appellate Defender Susan B. Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General William Joseph Maye, all of Columbia, and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———————————

**PER CURIAM:** Roger D. Grate appeals his convictions and concurrent sentences of thirty-five years' imprisonment for murder and five years' imprisonment for possession of a weapon during the commission of a violent crime. On appeal, he argues the trial court erred in admitting prior bad act evidence to show habit and the absence of mistake or accident under Rules 404(b) and 406, SCRE. We affirm pursuant to Rule 220(b), SCACR.

Any error in admitting the testimony of the prior bad act was harmless based on other competent evidence conclusively proving guilt, such that no other rational conclusion could have been reached. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice."); *State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."); *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("[A]n insubstantial error not affecting the result of the trial is harmless where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'" (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989))). At trial, eyewitness testimony showed the victim did not aggressively approach Grate. Additionally, Grate did not allege the victim was acting in a manner to suggest Grate actually believed he was in imminent danger of harm. *See State v. Slater*, 373 S.C. 66, 69-70, 644 S.E.2d 50, 52 (2007) (stating that to establish self-defense, "the defendant . . . must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury[,]" and "if his defense is based upon his belief of imminent danger, [the] defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life"). Though Grate claims he acted in self-defense and accidently shot the victim, the evidence does not support this contention. Specifically, evidence regarding his concealed weapons permit, ownership of the gun used to shoot the victim, and use of it months prior to the shooting shows Grate was familiar with the gun used in the shooting and had training in using firearms. Based on the competent evidence the State presented at trial, we find any error in admitting the testimony of the prior bad act could not reasonably have affected the result of the trial.

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.