**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Francisco Maldanado-Molina, Appellant.

Appellate Case No. 2023-001995

―――――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2026-UP-112
Submitted February 3, 2026 – Filed March 11, 2026

―――――――――――

**AFFIRMED**

―――――――――――

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

―――――――――――

**PER CURIAM:** Francisco Maldanado-Molina appeals his convictions for murder, attempted murder, first-degree burglary, and possession of a weapon during the commission of a violent crime and sentences of life without parole,

thirty years' imprisonment, and fifteen years' imprisonment. On appeal, Maldanado-Molina argues the trial court erred by allowing testimony regarding a handgun and large sum of money found in his backpack when the United States Marshals apprehended him because the items were not evidence of flight or consciousness of guilt. We affirm pursuant to Rule 220(b), SCACR.

We hold any error regarding the admission of testimony about the handgun and money was harmless because two eyewitnesses, one of whom was a victim in the incident, identified Maldanado-Molina as the shooter and testimony regarding cellular telephone record analysis showed Maldanado-Molina at the crime scene when the shooting occurred. *See State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *id.* ("[A]n insubstantial error not affecting the result of the trial is harmless where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'" (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989))); *State v. Martin*, 403 S.C. 19, 27, 742 S.E.2d 42, 46 (Ct. App. 2013) ("Decisions concerning the admission of flight evidence are subject to a harmless error analysis."); *State v. Singleton*, 395 S.C. 6, 13, 716 S.E.2d 332, 335-36 (Ct. App. 2011) (providing an appellate court should reverse a conviction based on the improper admission of evidence when "there is a reasonable probability the jury's verdict was influenced by the challenged evidence" (quoting *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005))); *Pagan*, 369 S.C. at 212-13, 631 S.E.2d at 268 (holding that although the trial court erred in admitting certain testimony, the error was harmless because witness testimony established the defendant's guilt beyond a reasonable doubt).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.